ORDER
On July 5,1983, Marlyn Dahlquist filed a petition for Chapter 11 relief in the United States Bankruptcy Court for the District of South Dakota. Three days later, his sons, James and Robert Dahlquist, filed similar *734 petitions in the same court. The cases were consolidated because the three debtors jointly managed a large livestock and farming operation and their personal property assets were freely commingled. Also on July 5, 1983, prior to Marlyn Dahlquist’s Chapter 11 petition, the First National Bank in Sioux City, Iowa (Bank), the major secured creditor of the debtors, filed an action in the United States District Court for the District of Nebraska alleging that the Dahlquists fraudulently procured loans from the Bank and seeking a constructive trust on their assets.
On July 11, 1983, the Bank moved the South Dakota bankruptcy court to transfer the venue of the bankruptcy proceedings. On July 13, 1983, the debtors sought an order from the bankruptcy court allowing them to sell part of their livestock to pay for family living and farm operational expenses, a so-called “cash collateral” order. The court held an expedited hearing on the cash collateral matter on July 15, 1983.
At the July 15 hearing, the court entered an oral order authorizing the debtors to sell livestock, free and clear of the Bank’s security interests therein, to the extent of $60,000 for family living and farm operational expenses. On July 25, 1983, the court reduced this order to writing. The written order directed Marlyn Dahlquist’s wife, Mary, to grant the Bank a security interest in her farm in Dixon County, Nebraska, to the extent of cash collateral used. The Bank moved the bankruptcy court to stay the cash collateral order pending appeal to the federal district court in South Dakota on the same day it issued the written order. The bankruptcy court denied the motion.
On July 28, 1983, the bankruptcy court held a further hearing on various matters, including contempt citations against the Bank and F. Joseph DuBray, one of its attorneys, for the Bank’s alleged refusal to provide banking services to the debtors and DuBray’s alleged bad faith dealings with the bankruptcy court. On August 3, 1983, the court issued a further written order holding both the Bank and DuBray in contempt and requiring the Bank to pay the debtors $1,125 for attorneys’ fees and expenses, and DuBray to pay $250 to the court.
The Bank appealed the cash collateral order and contempt citations to the United States District Court for the District of South Dakota. On August 26, 1983, the Bank moved the district court to stay the cash collateral order pending appeal. The district court denied the motion on August 31, 1983. The Bank did not appeal the district court’s refusal to stay the cash collateral order to this Court nor has it ever requested such a stay from this Court.
On October 21, 1983, the district court, 34 B.R. 476, affirmed the cash collateral order but reversed the contempt citations. Both parties appeal from the district court’s October 21 decision. The Bank asserts that the cash collateral order should be vacated because (1) the debtors did not provide adequate protection to the Bank for the use of the $60,000; (2) the Bank was not afforded due process to contest the motion for cash collateral use prior to the issuance of the order; (3) the debtors were not in good faith in seeking the order; and (4) the cash collateral order was overly broad. The debtors cross-appeal from the district court’s reversal of the contempt citations, contending that the bankruptcy court was within its discretion in using the contempt power to enforce its orders.
The parties continued to litigate issues separate from the cash collateral order and contempt citations in the bankruptcy courts during the appeals to the district court and this Court. On October 21,1983, the South Dakota bankruptcy court filed an opinion ■ granting the Bank’s motion to transfer venue of the debtors’ bankruptcy petitions to the United States Bankruptcy Court for the District of Nebraska. In re Dahlquist, 34 B.R. 476, 485-488 (Bkrtcy.D.S.D.1983). On March 9, 1984, the Nebraska bankruptcy court dismissed the transferred bankruptcy petitions on the Bank’s unresisted motion. On March 16, 1984, the debtors filed a second set of petitions for Chapter 11 relief in the United States Bankruptcy Court for *735 the Northern District of Iowa. After a hearing on April 10, 1984, the Iowa bankruptcy court granted the Bank’s motion to transfer venue of the second set of petitions to the United States Bankruptcy Court for the District of Nebraska.[1]
On May 18, 1984, the debtors moved this Court to dismiss the Bank’s appeal from the cash collateral order as moot, alleging that the $60,000 had already been spent for family living and farm operational expenses and that the dismissal of the first set of bankruptcy petitions by the Nebraska bankruptcy court precludes any effective relief for the Bank on appeal. The Bank argues in substance that we should reverse the cash collateral order as precedent for similar matters in the debtors’ pending Chapter 11 proceedings and that we could give the Bank an enhanced priority under 11 U.S.C. § 507(b) (1982) in those proceedings as effective relief.
We hold that the cash collateral issue is moot to the extent of the $60,000 released by the South Dakota bankruptcy court. We emphasize the limits of this dismissal, however. Our decision only forecloses the Bank’s arguments that this specific order was issued in violation of its due process rights or otherwise was an abuse of the discretion of the South Dakota bankruptcy court. We leave open to the proceedings currently pending in Nebraska questions relating to (1) the debtors’ alleged use of the cash collateral proceeds for purposes other than as set forth in the cash collateral order; (2) the excessive amounts of money allegedly expended by the debtors under the order; (3) possible fraud by the debtors in procuring the order from the South Dakota bankruptcy court; and (4) any remedies which might be appropriate should the Bank prove that the debtors violated the terms of the order. We also do not decide whether similar orders issued in the debtors’ pending bankruptcy actions will be affirmed if properly appealed to this Court.
We therefore dismiss as moot the Bank’s appeal, No. 83-2557; we affirm on the debtors’ cross-appeal regarding the contempt citations, No. 83-2630, for the reasons set forth in the district court’s October 21, 1983, decision.

. At oral argument before this Court, counsel for the debtors asserted that the fraud proceedings before the Nebraska district court have been consolidated with the second set of bankruptcy petitions and that all matters are now before the Nebraska bankruptcy court.