BOWMAN, Circuit Judge.
On July 5, 1983, Marlyn Dahlquist filed for relief under Chapter 11 of Title 11 of the United States Code in the Bankruptcy Court for the District of South Dakota. Three days later Dahlquist’s sons, Robert and James, also filed Chapter 11 petitions in the same court.
On August 26, 1983, John Harmelink and John Kabeiseman, counsel for the Dahl-quists, filed a request for interim compensation under 11 U.S.C. §§ 330 and 331. First National Bank in Sioux City (FNB) filed an objection to the request and asked for a hearing. The Bankruptcy Court held a hearing on the request on September 22, 1983 and ordered that interim compensation be paid on October 20, 1983. FNB appealed this order to the United States District Court for the District of South Dakota on November 7, 1983.
*297 In the meantime, also on October 20, 1983, venue for the Dahlquist bankruptcy proceedings was transferred to the Bankruptcy Court for the District of Nebraska, although the District Court of South Dakota retained jurisdiction of the pending appeal. On March 9, 1984, the Dahlquist bankruptcy proceedings were dismissed by the Bankruptcy Court for the District of Nebraska.[1] On March 15, 1984, the District Court[2] for the District of South Dakota affirmed the October 20, 1983 order of the Bankruptcy Court granting interim compensation. FNB now appeals the order of the District Court to this Court.[3] We affirm except as to a minor computational error, and we remand the case to the District Court for correction of that error.
I.
Initially, attorneys Harmelink and Kabeiseman argue that this Court is without jurisdiction to hear FNB’s appeal because an order granting interim compensation is one which is interlocutory and therefore not reviewable under 28 U.S.C. § 1293(b). While orders granting interim compensation in an ongoing bankruptcy proceeding generally are considered to be interlocutory in nature, see In re Callister, 673 F.2d 305, 307 (10th Cir.1982), the question of whether a particular order granting compensation is interlocutory or final necessarily depends upon the circumstances of the case. Thus, in In re Yermakov, 718 F.2d 1465 (9th Cir.1983), an order for an interim allowance in an ongoing bankruptcy proceeding was considered to constitute “ ‘a final judgment, order or decree’ appeal-able under 28 U.S.C. § 1293(b)” where the attorneys for the debtors had been discharged from further representation. Id. at 1469. We believe the same to be true where the dismissal includes not only the attorneys for the debtors, but the underlying action itself. Thus, we hold that the dismissal of the underlying bankruptcy proceeding in this case prior to the District Court’s order affirming the payment of interim compensation makes the order of the District Court one which is final and appealable under 28 U.S.C. § 1293(b).
Harmelink and Kabeiseman next contend that this appeal, if not interlocutory, is moot because the underlying bankruptcy proceeding has been dismissed. In support of this contention, counsel point to this Court’s recent decision in Dahlquist v. First National Bank, 737 F.2d 733 (8th Cir.1984) (Dahlquist I) and also point to In re S.L.E, Inc., 674 F.2d 359 (5th Cir.1982).
In Dahlquist I, which involved the parties currently before this Court, FNB had appealed from that part of an order of the District Court, issued on approximately the same date as that order here appealed from, which affirmed a cash collateral order of the Bankruptcy Court authorizing the debtors to sell off certain livestock to provide for family living and farm operational expenses. In the same appeal, the debtors challenged that part of the order of the District Court that reversed an order of the Bankruptcy Court finding FNB in contempt and requiring FNB to pay certain of the debtors’ attorneys’ fees. On appeal, this Court dismissed as moot the appeal of the cash collateral order authorizing the livestock sale, but affirmed that part of the decision of the District Court which reversed the Bankruptcy Court’s finding of contempt and award of attorneys’ fees.
*298 In In re S.L.E., Inc., S.L.E. (a corporation created by the debtor) had appealed to the Fifth Circuit a decision by the district court authorizing the receiver to execute certain consent agreements on behalf of S.L.E. While the appeal was pending, S.L.E. entered a series of settlements with the receiver and the trustee which were approved by the bankruptcy court. Following the settlements, the district court dismissed the receiver and also dismissed the underlying bankruptcy proceeding.
The order dismissing the case included language reserving to S.L.E. whatever rights it had under its appeal to the Fifth Circuit. The Fifth Circuit, however, determined S.L.E.’s appeal to be moot, since the receiver had been fully released by S.L.E. and had been discharged by the court, and since all disputes between S.L.E. and the trustee had been fully compromised.[4]
We do not believe that either of the two cases counsel have cited supports the proposition that the issue before this Court is moot. In S.L.E., the issue determined by the Fifth Circuit to be moot was that of the extent of the powers of the receiver to reorganize certain property holdings. Not only did the compromise agreements reached by the parties completely release the receiver from all claims by S.L.E., but the underlying bankruptcy claim, which had as its central goal the reorganization of the estate by the receiver, also had been dismissed. In Daklquist I, this Court held that, following dismissal of the underlying bankruptcy claim, the issue of the propriety of certain sales made pursuant to a reorganization was moot. Other claims in Daklquist I that were only collaterally related to the bankruptcy claim, such as the payment of certain attorneys’ fees and a contempt citation, were not held by this Court to be moot, but rather were decided on the merits.
The principle which we find operative in these cases and others is this: while the dismissal of a bankruptcy action indicates discontinuation of the attempt to restructure the debtor’s financial affairs under the auspices of a federal court, it does not necessarily moot all issues collateral or ancillary to the bankruptcy proceedings. Dismissal of the underlying bankruptcy proceeding may indicate that no ease or controversy remains with respect to issues directly involving the reorganization of the estate, but it does not necessarily indicate that no controversy exists with respect to any collateral or ancillary issues.
In U.S.A. Motel Corporation v. Dan-ning, 521 F.2d 117 (9th Cir.1975), the dismissal of a petition in bankruptcy did not bar an application for compensation for services rendered in connection with the bankruptcy proceedings, nor did the dismissal bar an appeal to the circuit court for review of the compensation actually awarded. In the instant appeal, no issue directly related to any decision by the Bankruptcy Court in reorganizing the estate is presented, such as the cash collateral order held by this Court in Daklquist I to be moot. The only issue presented is that of reasonable compensation for the attorneys who represented the debtors. We believe the question of reasonable compensation as presented in this appeal is an ancillary matter and that it has not been rendered moot by the dismissal of the underlying bankruptcy proceeding.
Counsel for the Dahlquists further contend that this issue is moot because FNB failed to obtain a stay of the order awarding interim compensation. Alternatively, they contend that it would be inequitable to hear FNB’s appeal because FNB caused the dismissal to occur. We find neither contention persuasive. See In re International Environmental Dynamics, Inc., 718 F.2d 322, 325-26 (9th Cir.1983). Failure to obtain a stay renders an appeal moot when it would be “impossible to fashion effective relief.” Id. That is certainly not *299 the case here. Moreover, counsel for the Dahlquists knew prior to the dismissal that FNB intended to contest the order awarding compensation. We do not find any reason to conclude that consideration of this appeal would be inequitable. See id. at 326.
II.
We now consider the merits of the appeal. Initially, we are urged by FNB to reject the “clearly erroneous” standard of review in determining whether the Bankruptcy Court’s award of fees on the basis of the time records submitted by counsel for the Dahlquists was proper. FNB argues that In re Meade Land & Development Co., Inc., 527 F.2d 280 (3rd Cir.1975), mandates a de novo review by a district court of the sufficiency of time records submitted by counsel, and further argues that the District Court’s failure to engage in an independent examination of the application in this case amounted to an abuse of discretion. We have searched In re Meade in vain for the position articulated by FNB. That case dealt with appellate court review of bankruptcy court approval of payment to counsel for 208 hours of representation, including estimated time spent for “unrecorded matters ... in excess of 100 hours,” and payment to the trustee of compensation for 150 hours spent on “unrecorded matters.” Id. at 283. The Third Circuit defined the issue raised in Meade as that of “whether detailed time records were required.” Id. Finding that the bankruptcy court had erred as a matter of law in not requiring detailed time records, the Third Circuit vacated the award of fees and remanded the case. Id. at 286.
In the instant case, the Bankruptcy Court applied the correct legal standard when it specifically found that the time and expense records of counsel for the Dahlquists were “described in sufficient detail.” Appendix at 34. The records for Harmelink and Kabeiseman include ninety individual line entries, most of which are broken down into more specific descriptions, accounting for the 300 hours of attorney time for which compensation was claimed, and also include an additional fifty-seven individual line entries accounting for all expenses claimed. Based on our review of these records, we cannot say that the finding of the Bankruptcy Court that the records were submitted in sufficient detail is clearly erroneous. Thus, we affirm the decision of the District Court that the Bankruptcy Court did not err in finding that the records were submitted in sufficient detail.
FNB also argues that the Bankruptcy Court erred in awarding counsel for the Dahlquists compensation for noncompensa-ble services. These services included certain services benefitting Mary Dahlquist (Marlyn’s wife), who was not one of the Chapter 11 petitioners then represented by counsel, and certain services performed by Iowa counsel retained by Harmelink and Kabeiseman to represent Dahlquist interests in Sioux City.
We have carefully reviewed the documents submitted to us and the transcript of the hearing in the Bankruptcy Court relating to the payment of compensation. We find that FNB made the same arguments to the Bankruptcy Court it now makes to us. In response to these arguments, that court disallowed over one thousand dollars in legal fees and expenses it found were not directly related to representation of Marlyn, Robert, or James Dahlquist.
The Bankruptcy Court did permit counsel to charge for certain services that involved Mary Dahlquist or that involved representation of the Dahlquist interests in other actions commenced or instigated by creditors. Because of the complicated nature of this bankruptcy, the extent to which the property of the debtors was commingled with the property of non-debtors, and the extent to which Harmelink and Kabeiseman were forced to defend the interests of the Dahlquists in forums and actions not of their choosing, we cannot say that the finding of the Bankruptcy Court that these legal fees and expenses were directly related to the Dahlquists’ petitions was clearly erroneous, and thus we *300 cannot say that the District Court erred in affirming the order of the Bankruptcy Court that these fees be paid.
We do, however, note that attorney Har-melink charged the estate a fee for mileage in excess of that permitted by the order of the bankruptcy court: Harmelink billed $227.04 for a total of 946 miles at a rate of twenty-four cents per mile whereas the maximum charge at the prescribed rate of twenty-two cents per mile should have been $208.12. We therefore affirm the decision of the District Court, except for that portion of the decision which affirms the amount awarded-to Harmelink for mileage, which we remand to the District Court with instructions to order Harmelink to return the $18.92 erroneously awarded.

. On March 16, 1984, the Dahlquists again filed for relief under Chapter 11 in the United States Bankruptcy Court for the Northern District of Iowa. These proceedings were transferred to the United States Bankruptcy Court for the District of Nebraska where they are now pending.

. The Honorable John B. Jones, United States District Judge for the District of South Dakota.

. The order of the District Court was appealed to this Court on May 10, 1984. Jurisdiction was asserted under 28 U.S.C. § 1293(b). On July 10, 1984, 28 U.S.C. § 158, which replaced § 1293 as the operative section governing appeal of bankruptcy proceedings to the courts of appeals, became effective. The jurisdictional question here at issue would be the same under § 158 as it is under § 1293; whether the order of the District Court affirming the Bankruptcy Court’s award of compensation is a final order for purposes of appellate review.

. Also noted by the court in S.L.E. was the fact that S.L.E. had no adversary before that court. While the vigorous arguments by the adversary parties in the present case do not conclusively demonstrate that there is a case or controversy, they do serve to distinguish further this case from S.L.E.