In re Marlyn Verle
DAHLQUIST, Debtor.

Russell HAMILTON, Plaintiff,

v.

Marlyn Verle DAHLQUIST and the First National Bank of Sioux City, Iowa, Defendants.

Nebraska Bankruptcy No. 84–751.
South Dakota Adv. No. 485–0018.

United States Bankruptcy Court,
D. South Dakota.

Oct. 8, 1985.

James M. Wiederrich, Woods, Fuller, Shultz & Smith, P.C., Sioux Falls, S.D., for plaintiff.

James S. Mitchell, Baird, Holm, McEachen, Pedersen, Hamann & Strasheim, Omaha, Neb., John Harmelink, Harmelink Law Offices, Yankton, S.D., for Marlyn Verle Dahlquist.

Edward J. Leahy, May, Johnson, Doyle & Becker, P.C., Sioux Falls, S.D., Robert J. Bothe, Omaha, Neb., The First Nat. Bank of Sioux City, Iowa.

## MEMORANDUM DECISION AND ORDER

PEDER K. ECKER, Bankruptcy Judge.

This case is before the Court on a motion to dismiss the adversary complaint or, alternatively, to transfer venue to the District of Nebraska filed by The First National Bank in Sioux City, Iowa.

Russell Hamilton, the plaintiff in this action, purchased a John Deere 4440 tractor from a dealer in Yankton, South Dakota, in October, 1980. He obtained financing through the John Deere Company. Subsequent to the purchase, Gail Sohler, the plaintiff's employer in Avon, South Dakota, provided funds to the plaintiff to make some of the payments on the tractor. Later, Sohler sold his interest in the tractor to Marlyn Verle Dahlquist, one of the defendants. Mr. Dahlquist was to continue making the payments on the tractor by sending the amounts due John Deere to the plaintiff. Mr. Dahlquist failed to make the

final payment of $9,476.92. The plaintiff's wife, Margaret Hamilton, then paid the final installment on the tractor to John Deere by check dated February 28, 1983.

Mr. Dahlquist filed bankruptcy on July 5, 1983, in this Court in the District of South Dakota. On October 21, 1983, this Court transferred the case to the District of Nebraska. *In re Dahlquist*, 34 B.R. 476 (Bkrtcy.D.S.D.1983). That case was dismissed by the Nebraska court on March 9, 1984. On March 16, 1984, Mr. Dahlquist filed a Chapter 11 petition in the Northern District of Iowa. That case was subsequently transferred to the District of Nebraska, where it is currently pending. *See In re Dahlquist*, 751 F.2d 295, 296 n. 1 (8th Cir.1985). On February 21, 1985, the plaintiff in this adversary proceeding, Mr. Hamilton, filed this complaint with this Court in the District of South Dakota. The defendants, Marlyn Verle Dahlquist and The First National Bank of Sioux City, Iowa, now ask the Court to dismiss the complaint or to transfer venue to the District of Nebraska where Mr. Dahlquist's bankruptcy case is pending. The Court held hearings on the matter and briefs were submitted.

After careful consideration of all the pleadings, evidence, briefs, and arguments of counsel, this Court finds that it must transfer this adversary proceeding to the Bankruptcy Court for the District of Nebraska where the main bankruptcy case of Marlyn Verle Dahlquist is currently pending.

The Bankruptcy Amendments and Federal Judgeship Act of 1984 enacted new jurisdictional statutes pertaining to bankruptcy cases. 28 U.S.C. § 1334(d) provides:

"The district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction of all of the property, wherever located, of the debtor as of the commencement of such case, and of the estate."

The wording of this section and its intent seem clear. Matters involving property of the estate are to be dealt with by the court in the district in which the case is pending. Any other rule would unnecessarily complicate the case and make orderly administration of the estate difficult.

The plaintiff relies heavily on the case of *Jahan Co. v. Dakota Industries, Inc.*, 27 B.R. 575 (D.N.J.1983), *aff'd without opinion*, 725 F.2d 668 (3rd Cir.1984). The *Jahan* case is distinguishable for several reasons.

First, the dispute in *Jahan* arguably did not involve a core matter. Although it was certainly related to the bankruptcy case, it was a breach of contract dispute which arose post-petition, not a determination of ownership interests of a debtor and others in certain property as in the instant case.

Second, *Jahan* was decided prior to the enactment of the 1984 Amendments which substantially altered the jurisdictional scheme of the bankruptcy system. The New Jersey court in *Jahan* analyzed the statutes in effect at that time and concluded that, under then effective Section 1471(b) and (c), Congress envisioned a national bankruptcy system in which jurisdiction in one bankruptcy court was jurisdiction in all bankruptcy courts. *Id.* at 578. That is no longer true with respect to property of the estate. 28 U.S.C. § 1334(d).

Third, the confusion and unnecessary litigation that resulted in the *Jahan* case only serve to reinforce the rationale behind the grant of exclusive jurisdiction over core matters in the court in which the main case is pending. Even if it is later determined that a proceeding should be transferred to another jurisdiction or that the bankruptcy court will abstain for some reason to allow proceedings in another court or jurisdiction, it is conducive to the orderly administration of the estate to allow the court in which the main case is pending to make that determination.

Therefore, this Court finds that proper subject matter jurisdiction over this proceeding rests with the Bankruptcy Court in the District of Nebraska and further finds that it would be in the interests of justice to transfer this proceeding to the District of Nebraska rather than to dismiss the

**430**

action, *see* 28 U.S.C. § 1631; and, now, it is hereby

ORDERED that Adversary No. 485–0018, entitled *Hamilton v. Dahlquist and First National Bank of Sioux City, Iowa,* is transferred to the Bankruptcy Court for the District of Nebraska, and the Clerk of the Bankruptcy Court for the District of South Dakota shall transfer the necessary documents accordingly.