**In re Larry FIELDS, Debtor.**

**Bankruptcy No. 85-10017.**

United States Bankruptcy Court, District of Columbia.

Nov. 26, 1985.

were so referred to the judges of this Court.

Roger M. Whelan, Verner, Liipfert, Bernhard & McPhearson & Hand, Washington, D.C., for debtor.

OPINION AND ORDER

GEORGE F. BASON, Jr., Bankruptcy Judge.

Before the Court is a letter request by counsel for First American Bank, N.A. ("the Bank"), which this Court is treating as a motion, requesting the undersigned Bankruptcy Judge to order the Clerk of this Court to accept for filing a lift-stay motion[1] tendered by the Bank's counsel but rejected by the Clerk. The Clerk refused to accept the lift-stay motion for filing because the Debtor's Chapter 11 bankruptcy case is now pending in the United States Bankruptcy Court for the Central District of California, and Bankruptcy Rule 5005(a) states that "papers ... shall be filed with the clerk of the court *in which the case under the Code is pending.*" (Emphasis added.)

The Bank's counsel argues that "[v]enue is proper in ... [this] Court ... since this motion involves real property located in the District of Columbia and because legal issues regarding real property law will be controlled by the laws of the District of Columbia." "In addition," counsel argues, "the creditor (the Bank) and the witnesses regarding this transaction involving the Debtor, the real property and the Bank are all located in the District of Columbia." Finally, counsel notes that, "prior to the enactment of the present Bankruptcy Rules, motions for relief from the stay

were accepted as adversary proceedings. As such they could be filed in bankruptcy courts nationwide."

Notwithstanding these arguments, and notwithstanding the Debtor's failure to file any opposition to the Bank's request that its lift-stay motion be accepted for filing, this Court believes that the lift-stay motion is not properly before this Court. Bankruptcy Rule 5005(a) is explicit. Were it otherwise, the clerks of bankruptcy courts would be at a loss to know which papers to accept and which to reject.

More substantively, one of the primary goals and achievements of the Bankruptcy Reform Act of 1978, which has only partially been undone by the 1984 Amendments, was to eliminate "voluminous litigation whose sole function is to determine whether the court possesses the requisite summary jurisdiction to determine the merits of issues ..." S.Rep. No. 95–989 (July 14, 1978), p. 17, U.S.Code Cong. & Admin. News 1978, pp. 5787, 5803. It makes no sense to replace that wasteful litigation with wasteful litigation over which bankruptcy court should hear and decide a lift-stay motion in those frequent instances where the Debtor's real or personal property is located elsewhere than where the Debtor's case is pending.

In addition, frequently a dispositive question at a lift-stay hearing is whether the property involved is "necessary to an effective reorganization." 11 U.S.C. § 362(d)(2)(B). Only the bankruptcy court in which the case is pending can realistically be expected to decide that question with any degree of assurance. Similarly, that court is usually in a much better position than any other to determine the question of "adequate protection" under 11 U.S.C. § 362(d)(1); see 11 U.S.C. § 361. Only on the issue of "equity" *vel non* might the court where the property is located be in a better position than the court where the case is pending to make an informed factu-

---

1. The motion also incorporates a cash-collateral request. It is entitled "Motion for Relief from the Stay and/or for Adequate Protection and for the Right to Receive Rental Income/Cash Collateral."

al determination, based on testimony of local witnesses. It could well be that the bankruptcy transfer-of-venue statute is sufficiently flexible so as to permit the court where the case is pending, if it is so disposed, in an appropriate case, to transfer a lift-stay proceeding to the court where the property is located for determination of that one issue. 28 U.S.C. § 1412.

Finally, as held in *In re Dahlquist,* 53 B.R. 428, 13 B.C.D. 769, 770 (Bankr.S.D. 1985):

> The Bankruptcy Amendments and Federal Judgeship Act of 1984 enacted new jurisdictional statutes pertaining to bankruptcy cases. 28 U.S.C. § 1334(d) provides:
>
> "The district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction of all of the property, wherever located, of the debtor as of the commencement of such case, and of the estate."
>
> The wording of this section and its intent seem clear. Matters involving property of the estate are to be dealt with by the court in the district in which the case is pending. Any other rule would unnecessarily complicate the case and make orderly administration of the estate difficult.

Like the court in *Dahlquist,* this Court will transfer this matter to the appropriate court, rather than dismissing it.

NOW THEREFORE IT IS ORDERED that this matter be transferred by the Clerk of this Court to the United States Bankruptcy Court for the Central District of California.