In re ALLEGHENY, INC., Debtor.

ALLEGHENY, INC., Plaintiff,

v.

HIPAK INDUSTRIES, INC., Defendant.

Bankruptcy No. 85–2136.
Adv. No. 87–152.

United States Bankruptcy Court,
W.D. Pennsylvania.

May 29, 1987.

398

Amy M. Tonti, William H. Schorling, Eckert, Seamans, Cherin & Mellot, Pittsburgh, Pa., for plaintiff, Allegheny, Inc.

Dennis M. O'Dea, Michael J. Sreenan, Keck, Mahin & Cate, Chicago, Ill., for defendant, Hipak Industries, Inc.

## MEMORANDUM OPINION

BERNARD MARKOVITZ, Bankruptcy Judge.

Presently before the Court is Debtor's *Request For A Preliminary Injunction* and *Complaint For Injunction,* asking that this Court enter an Order directing Hipak Industries, Inc. (hereinafter "Hipak") to cease and desist from any further activity in pursuit of a declaratory action filed in the Northern District of Illinois against this Debtor.

At issue are questions relating to Hipak's violation of the automatic stay, as well as questions relating to the proper jurisdiction and/or venue for determination of these issues. For reasons hereinafter set forth, we determine that the Injunction will be issued, as it is clear that the Bankruptcy Court for the Western District of Pennsylvania, the "home court", is the proper forum for determination of the issues underlying Hipak's action.

## FACTS

Prior to this Bankruptcy Court filing, the parties engaged in commercial activity generally, wherein the Debtor purchased products from Hipak. On September 23, 1985, Debtor filed its Chapter 11 Petition in the Bankruptcy Court for the Western District of Pennsylvania at Bankruptcy No. 85-2136, and has been operating as a Chapter 11 Debtor-In-Possession since that date. Notice was sent, generally, to the creditors of the Debtor, and specifically, to Hipak, which in due course filed a Proof of Claim in this case.

In the ordinary course of the administration of this estate, the Debtor-In-Possession reviewed its prepetition activities, and as a result of same, determined that Hipak had enjoyed preferential treatment which would permit it to receive payment in a greater share than other creditors of the same classification. Thereafter, the parties exchanged a series of demand letters, and conducted written negotiations. Said negotiations concluded with the Debtor advising Hipak that if a certain sum was not paid by a certain date, an action to recover a preference, as well as a claim for defective goods, would be instituted in the Bankruptcy Court for the Western District of Pennsylvania. Hipak responded to said final demand letter with the institution of an action in the Bankruptcy Court for the Northern District of Illinois, requesting said Court enter a Declaratory Order determining whether a preference had occurred, as well as determining the underlying issue as to defective goods.

As the Bankruptcy Court in Illinois had scheduled a date certain for the filing of a Response and had set a date certain for a Preliminary Status Conference, the Debtor felt constrained to file this action, requesting a Temporary, and thereafter, a Permanent Injunction to said proceedings in Illinois.

At the conclusion of the argument relating to the Temporary Injunction, counsel for Hipak agreed to notify the Illinois Bankruptcy Court of this proceeding, and request that the Illinois proceedings be stayed pending this determination.

## ANALYSIS

The Court is faced with three basic issues in this matter:

1) Where is the appropriate jurisdiction to be found?

2) Which court holds the more appropriate venue?

3) Did the filing of the adversary proceeding in the Northern District of Illinois constitute a violation of the automatic stay?

We discuss each of these issues seriatum.

## A. JURISDICTION

The pertinent jurisdictional language can be found in 28 U.S.C. § 1334(d), which states:

(d) The district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction of all of the property, wherever located, of the debtor as of the commencement of such case, and of the estate.

It is clearly in the best interest of the bankruptcy estate that all matters begin in the "home court". Thereafter, the court may find that certain proceedings should be transferred to another forum, based upon the venue or abstention provisions; in the first instance, however, it is essential to the orderly administration of the bankruptcy estate for the original court to make such determinations. *See In re Dahlquist*, 53 B.R. 428 (Bankr.D.S.D.1985).

█ The Bankruptcy Court for the Western District of Pennsylvania, by General Order of Reference, has exclusive jurisdiction over the main bankruptcy case and original, but not exclusive, jurisdiction over appurtenant adversary proceedings. This original bankruptcy case was filed in the Western District of Pennsylvania. Debtor's Schedules list Hipak as a creditor, and Hipak has filed a proof of claim. The action brought in the Northern District of Illinois involves a preference action, a claim for defective merchandise, and a claim for storage charges—these items are all part of various core proceedings which will eventually be decided in this Court.

This Court clearly has the requisite jurisdiction to hear this case; the appropriate exercise of same is contingent upon a finding that this Court has venue.

## B. VENUE

Venue determinations relating to adversary proceedings are discussed in 28 U.S.C. § 1409, which states:

(a) Except as otherwise provided in subsections (b) and (d), *a proceeding arising under title 11 or arising in or related to a case under title 11 may be commenced in the district court in which such case is pending.*

(b) Except as provided in subsection (d) of this section, a trustee in a case under title 11 may commence a proceeding arising in or related to such case to recover a money judgment of or property worth less than $1,000 or a consumer debtor of less than $5,000 only in the district court for the district in which the defendant resides.

(c) Except as provided in subsection (b) of this section, a trustee in a case under title 11 may commence a proceeding arising in or related to such case as statutory successor to the debtor or creditors under section 541 or 544(b) of title 11 in the district court for the district where the State or Federal court sits in which, under applicable nonbankruptcy venue provisions, the debtor or creditors, as the case may be, may have commenced an action on which such proceeding is based if the case under title 11 had not been commenced.

(d) A trustee may commence a proceeding arising under title 11 or arising in or related to a case under title 11 based on a claim arising after the commencement of such case from the operation of the business of the debtor only in the district court for the district where a State or Federal court sits in which, under applicable nonbankruptcy venue provisions, an action on such claim may have been brought.

(e) *A proceeding arising under title 11 or arising in or related to a case under title 11, based on a claim arising after the commencement of such case from the operation of the business of the debtor, may be commenced against the representative of the estate in such case in the district court for the district*

*where the State or Federal court sits in which the party commencing such proceeding may, under applicable non-bankruptcy venue provisions, have brought an action on such claim, or in the district court in which such case is pending.* (Emphasis added).

■ Taking these subsections in reverse order, we find that subsection (e), on which Hipak appears to rely, is clearly not applicable to the main thrust of the case. In order to fall within its parameters, the claim must arise from the debtor's postpetition business operations. In fact, this subsection is indicative of congressional intent to return the postpetition reorganizing debtor to the mainstream of ordinary citizenry. *See In re Continental Air Lines,* 61 B.R. 758 (S.D.Tex.1986).

The only portion of the entire action which could possibly meet said criteria is the claim for postpetition storage charges; it is questionable that even this occurred in the operation of debtor's business, as this has been a liquidating Chapter 11 from the onset. At the time Hipak filed its Complaint in Illinois, these storage charges were nominal at best. As the remainder of the action, including the determinations as to preferential payments and defective goods, constitutes a claimed amount well in excess of $50,000.00, to allow the postpetition storage claim to control venue, if indeed subsection (e) were applicable, would be to allow the tail to wag the dog.

Subsections (b), (c), and (d) all refer to actions brought by the trustee, or the debtor-in-possession, *see* § 1107. As this Illinois action was instituted by the creditor, these sections do not apply; each of these sections is inapplicable for other reasons as well.

Subsection (d) again refers to postpetition business operations, which are essentially lacking in this case.

Subsection (c) relates to the trustee's ability to pursue property of the estate as the successor to the debtor, and as the hypothetical perfected lien creditor/bona fide purchaser for value, in cases involving greater than nominal sums.

Subsection (b) requires that the debtor proceed in defendant's "home court" *if* the claim pursued is a money judgment or property worth less than $1,000.00, or a consumer debt of less than $5,000.00. This is reasonable, as it would be inequitable to require small creditors to expend significant amounts on defense. If the debtor were permitted to bring all such actions in its "home court", defendants would often find it more cost efficient to default than defend. Clearly, under the facts and circumstances of this case, subsection (b) is not applicable.

Subsection (a) is certainly not a mandatory venue provision. However, it is the basic venue provision, and since we have determined that the other specific sections are not applicable, it is appropriate to review its application to this case. Using the reverse inference of that which we applied in subsection (e), it is clear that claims involving prepetition actions, especially those involving liquidating, as opposed to reorganizing, debtors should be handled by the Court which is most familiar with said administration. In the case at bar, we have a debtor which no longer operates, other than to engage in the collection of assets for distribution to creditors. It is inappropriate to cast out a liquidating debtor, leaving it to fend its way in the "mainstream of ordinary citizenry." This is precisely the type of action which belongs in the "home court". Venue is proper in the Western District of Pennsylvania.

## C. AUTOMATIC STAY

The automatic stay provided in § 362 is interpreted very expansively; it applies to almost any action against the debtor or property of the estate. 2 *Collier on Bankruptcy,* ¶ 362.04 (1987 Rel.) However, it is not all encompassing. Our circuit has held that the automatic stay applies only to proceedings which could have been brought or claims which arose prepetition. *Matter of M. Frenville Company, Inc.,* 744 F.2d 332 (3rd Cir.1984); *cert denied,* 469 U.S. 1160, 105 S.Ct. 911, 83 L.Ed.2d 925 (1985).

We do not rule on the automatic stay issue at this time; yet, we do not end our

analysis here. While the *Frenville* case stated the general legal principles surrounding § 362, it did not address the question of whether a creditor can bring an action against a debtor, without first obtaining a determination as to whether the automatic stay is applicable to its cause of action. *Matter of Baldwin-United Corporation*, 48 B.R. 901, 13 C.B.C.2d 180 (Bankr.S.D.Ohio 1985). That determination must be made by the Bankruptcy Court wherein the main case is filed. *Baldwin-United, supra, citing NLT Computer Services Corporation v. Capital Computer Systems, Inc.*, 755 F.2d 1253 (6th Cir.1985). To do otherwise would be a circumvention of congressional intent and would undermine the original court's control.

The instant case is particularly disconcerting, as Hipak was well aware of the ongoing bankruptcy case, and had filed a proof of claim therein. Were this not a case of first impression in this District, we might interpret Hipak's action as "forum shopping". In the future, however, any adversary proceeding brought against a debtor must be prefaced by a determination of the applicability of the automatic stay, and if appropriate, relief from the stay must be sought.

Proceeding without such an initial determination shall be at the creditor's peril—if we later determine that the adversary proceeding violates the automatic stay, the adversarial Plaintiff will be subject to sanctions, determined by the debtor's costs in defending same. 11 U.S.C. § 362(h).

An appropriate Order will be issued.

### ORDER OF COURT

AND NOW, at Pittsburgh in said District this 29th day of May, 1987, in accordance with the foregoing Memorandum Opinion of this same date, it is hereby ORDERED, ADJUDGED and DECREED that Hipak is enjoined from continuing the Adversary proceeding in the Bankruptcy Court for the Northern District of Illinois, at Adversary No. 87A–0380;

IT IS FURTHER ORDERED that any additional litigious activity pertaining to this cause of action is to be brought in the Bankruptcy Court for the Western District of Pennsylvania.