**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY APPELLATE PANEL**
**OF THE NINTH CIRCUIT**

| | | |
|---|---|---|
| In re: | ) | BAP No. AK-17-1139-LBF |
| | ) | |
| MARGARET A. BERTRAN, | ) | Bk. No. 4:12-bk-501-FC |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| DONALD TANGWALL; DONALD | ) | |
| TANGWALL, Member of Tangwall | ) | |
| Entities, | ) | |
| | ) | |
| Appellants, | ) | |
| | ) | |
| v. | ) | **M E M O R A N D U M**[*] |
| | ) | |
| LARRY D. COMPTON, Trustee, | ) | |
| | ) | |
| Appellee. | ) | |
| _____ | ) | |

Submitted Without Argument on March 22, 2018

Filed – April 6, 2018

Appeal from the United States Bankruptcy Court
for the District of Alaska

Honorable Fred Corbit, Bankruptcy Judge, Presiding[**]
_____

Appearances:   Appellant Donald Tangwall, pro se on brief; Cabot
               Christianson of Law Offices of Cabot Christianson,
               P.C., on brief for Appellee.
_____

Before: LAFFERTY, BRAND, and FARIS, Bankruptcy Judges.

_____

[*]This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8024-1.

[**]Hon. Fred Corbit, Chief Bankruptcy Judge for the Eastern District of Washington, sitting by designation.

Appellant Donald Tangwall appeals the bankruptcy court's order declaring him a vexatious litigant and requiring him and his entities to request permission before filing any further documents in the Bankruptcy Court for the District of Alaska. Mr. Tangwall also appeals the bankruptcy court's order denying his motion to void all orders entered in Margaret Bertran's bankruptcy case due to an alleged conflict on the part of the judge who briefly presided over the case.

We AFFIRM both orders.

## FACTS

### A. Prepetition Events

Mr. Tangwall is married to Debtor's daughter, Barbara Tangwall. Several years ago, the Tangwalls sued William and Barbara Wacker in Montana state court over a dispute concerning a trucking enterprise and a cattle trailer. The Wackers filed a third party complaint against Debtor, the Tangwalls, and others to recover on a debt. At that time, Debtor and Ms. Tangwall co-owned a parcel of real property in Roundup, Montana (the "Ranch"). While the state court litigation was pending, they transferred the Ranch and a commercial property owned by Debtor ("Montana Properties") to the Toni 1 Trust, of which Mr. Tangwall was purportedly the trustee.

In May 2011, the Wackers obtained a $137,551.47 judgment in the state court litigation against the Tangwalls and Debtor. The Wackers then brought a fraudulent transfer suit in Montana state court against the Toni 1 Trust, seeking to recover and execute against the Montana Properties. In May 2012, the state court entered an order setting aside the transfers and permitting the

-2-

Wackers to execute on the Montana Properties, sell the properties at public auction, and apply the proceeds to the 2011 judgment (the "Fraudulent Transfer Judgment"). A writ of execution was issued in July 2012, and a notice of public auction was sent to Debtor and Ms. Tangwall, who unsuccessfully moved to quash the writ and set aside the Fraudulent Transfer Judgment.

**B.    Mr. Tangwall's History of Litigation in Ms. Bertran's Bankruptcy Case**

Debtor filed a chapter 7[1] petition on August 17, 2012. The bankruptcy case was originally assigned to Judge Donald MacDonald IV, then reassigned to Judge Gary Spraker upon Judge MacDonald's retirement. On December 14, 2012, Judge Spraker reassigned the case to Judge Herb Ross; after Judge Ross passed away in February 2017, Judge Spraker reassigned the case to Chief Bankruptcy Judge Frederick P. Corbit of the Eastern District of Washington.

Appellee Larry Compton was appointed chapter 7 trustee ("Trustee"). Relying on the Fraudulent Transfer Judgment, Trustee asserted the estate's ownership of the Montana Properties. On December 20, 2012, Mr. Tangwall, as trustee of the Toni 1 Trust, filed an adversary proceeding against Trustee and the Wackers, seeking damages for defendants' alleged interference with the Toni 1 Trust's use of the Montana Properties (the "2012 Adversary Proceeding"). In the complaint,

---

[1]Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

Mr. Tangwall asserted, among other things, that service of process on the Toni 1 Trust in the fraudulent transfer litigation was defective such that the Fraudulent Transfer Judgment was void.

The bankruptcy court agreed that it was not clear that the Toni 1 Trust had been properly served in the state court fraudulent transfer litigation. Therefore, Trustee filed a counterclaim in the 2012 Adversary Proceeding to avoid the transfers of the Montana properties as fraudulent transfers under state and federal law. During that litigation, Mr. Tangwall was ordered to produce the alleged trust documents for the Toni 1 Trust but did not do so. The court also ruled that the Toni 1 Trust was required to appear through an attorney and that Mr. Tangwall could not file pro per papers or pleadings on behalf of the Toni 1 Trust. Nevertheless, Mr. Tangwall continued to file and appear on behalf of the Toni 1 Trust.

After many hearings, the bankruptcy court issued a Memorandum Decision for Entry of Default Judgment finding that entry of judgment against the Toni 1 Trust was appropriate because it had failed to appear through counsel.[2] Further, the bankruptcy court found that the transfers of the Montana Properties "were made to keep the property out of the hands of the Wackers, who were on the verge of obtaining a $137,000

---

[2]The parties did not supply a comprehensive record, and we have exercised our discretion to examine the bankruptcy court's docket and imaged papers in Case No. 12-501 and related adversary proceedings. Atwood v. Chase Manhattan Mortg. Co. (In re Atwood), 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003); Omoto v. Ruggera (In re Omoto), 85 B.R. 98, 100 (9th Cir. BAP 1988).

-4-

judgment against the debtor," and that the real property transfers were thus avoidable under § 548(a)(1)(A). Accordingly, the court entered a final judgment avoiding Debtor's conveyances of her interests in the Montana Properties as fraudulent and declaring that Trustee's rights to Debtor's interests in those properties were superior to those of the Toni 1 Trust itself and Mr. Tangwall, as its trustee (the "2013 Final Judgment"). The 2013 Final Judgment also dismissed Mr. Tangwall's complaint.

Mr. Tangwall, in his capacity as trustee of the Toni 1 Trust, appealed the 2013 Final Judgment to the Bankruptcy Appellate Panel, then appealed a previously entered interlocutory order in the adversary proceeding denying Debtor's and Mr. Tangwall's motion to intervene and to strike the answer to Trustee's counterclaim. The BAP dismissed both appeals as untimely. Mr. Tangwall appealed to the Ninth Circuit, which dismissed the appeal of the 2013 Final Judgment as frivolous and the appeal of the motion to intervene for failure to perfect the appeal.

On May 11, 2016, Trustee filed a motion in the main case seeking an order permitting him to sell the bankruptcy estate's interest the Ranch. By this time the Wackers had obtained Barbara Tangwell's 50% interest in the Ranch and joined in the motion. After a hearing at which the Tangwalls, Trustee, his attorney, and counsel for the Wackers appeared, on June 7, 2016, the bankruptcy court granted Trustee's motion, finding that: (1) the bankruptcy court has subject matter jurisdiction over Trustee's motion as it constituted a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (N); (2) the bankruptcy court has

personal jurisdiction over Donald Tangwall, both in his individual capacity and as the "alleged trustee of the Toni 1 Trust"; (3) the bankruptcy court has personal jurisdiction over the Toni 1 Trust; (4) the bankruptcy court has personal jurisdiction over Barbara Tangwall and Margaret Bertran; (5) Trustee may sell the bankruptcy estate's 50% undivided interest in the Ranch by auction; (6) because the Wackers joined in Trustee's motion, Trustee shall sell the Ranch as a whole; (7) proper notice of the motion was given to all parties involved in the Bertran bankruptcy proceedings and all persons claiming through them; and (8) the sale of the Ranch would be free and clear of the claims and liens of all persons who received notice of the motion.

On June 13, 2016, the Tangwalls filed a notice of appeal from the order approving the sale, later electing to have the appeal heard by the District Court. On June 20, 2016, they filed in the bankruptcy court a request for an evidentiary hearing on the issue of whether the bankruptcy court had jurisdiction over the Toni 1 Trust. They maintained that all "orders, memorandum and judgments entered by [the Bankruptcy] Court should be deemed null and void." The bankruptcy court denied the motion because the pending appeal deprived it of jurisdiction.

Debtor and the Tangwalls then moved to stay the execution of the order approving sale. The bankruptcy court denied the motion to stay, as did the District Court. Importantly, the District Court also affirmed the bankruptcy court's jurisdiction to enter the order approving the sale. Mr. Tangwall appealed the District Court's decision to the Ninth Circuit Court of Appeals (Appeal

No. 17-35334). On February 28, 2018, the Ninth Circuit Court of Appeals dismissed the appeal as frivolous.

**C.    The Vexatious Litigant Motion**

On February 14, 2017, Trustee filed a Motion to Declare Donald A. Tangwall a Vexatious Litigant and Require Pre-Filing Order for Him or his Entities to File Any Pleadings; and to Vacate Lis Pendens ("Vexatious Litigant Motion"). Trustee requested the bankruptcy court enter an order requiring written authorization before Mr. Tangwall or any "Tangwall Entity" filed any pleading in the bankruptcy court; Trustee also requested the court vacate three lis pendens filed by Mr. Tangwall that clouded Trustee's title to the Ranch.

As background, Trustee recounted Mr. Tangwall's lengthy litigation history in various federal and state venues in Michigan, Illinois, Tennessee, Montana, and the Northern Mariana Islands. The litigation included bankruptcy filings and litigation pursued on behalf of Mr. Tangwall and various entities that he controlled. Trustee pointed out that in 1992, the United States District Court for the Eastern District of Michigan had entered a vexatious litigant order against Mr. Tangwall and others, which Mr. Tangwall unsuccessfully appealed. And in 2011 the Montana Fourteenth Judicial District Court, Musselshell County, declared Mr. Tangwall a vexatious litigant.[3] Trustee included copies of the vexatious litigant orders with the

---

[3]It later came to light that the Montana state court had entered not one, but two, vexatious litigant orders against Mr. Tangwall, one on May 9, 2011 in Cause No. DV-11-08, and the other on July 22, 2011 in Cause No. DV-11-18.

Vexatious Litigant Motion.

Mr. Tangwall filed an opposition complaining that Trustee's motion was "nothing more than bald allegations" and was not supported with complete and true copies of the relevant filings from his previous litigation in other courts. He also objected to the hearing date, claiming that he had not had sufficient notice. At the initial hearing held April 5, 2017, Judge Corbit continued the matter to April 14 and permitted Mr. Tangwall to supplement the record.

On April 12, Mr. Tangwall filed a supplemental response to the Vexatious Litigant Motion. His sole arguments with respect to the Vexatious Litigant Motion were that the bankruptcy court lacked subject matter jurisdiction over the request to declare him a vexatious litigant and that the motion was Trustee's attempt to silence him. The balance of the response addressed his argument that the bankruptcy court lacked personal jurisdiction over Mr. Tangwall and his entities. Mr. Tangwall contended that the Toni 1 Trust was not the plaintiff in the 2012 Adversary Proceeding; instead, he claimed that he filed the complaint "as a natural person in his capacity as trustee of the Toni 1 Trust" and therefore had the right to represent himself. Mr. Tangwall also complained, as discussed below, that Judge Spraker had a conflict in hearing matters in the bankruptcy case because he was once a law partner with Trustee's counsel, Cabot Christianson. Mr. Tangwall demanded an evidentiary hearing on the issues of personal and subject matter jurisdiction. Finally, Mr. Tangwall argued that United States district courts "were never delegated the authority to hear issues on vexatious

-8-

litigants." He asserted that such matters may only be heard in Alaska state courts, citing <u>Johnson v. Johnson</u>, 293 P.2d 393 (Alaska 2010).

Trustee filed a supplemental response which noted that most of Mr. Tangwall's arguments had been "hashed and rehashed, rebutted and re-rebutted" numerous times. Trustee outlined numerous inconsistencies in Mr. Tangwall's assertions as evidenced in pleadings and other documents filed in the court.

**D.  The "Motion to Find Judgments, Orders, and Memorandums Void Abinitio"**

While the Vexatious Litigant Motion was pending, on March 31, 2017, the Tangwalls and various related entities (Barbara Trust, Toni 1 Trust, CBT Farm and Mine, Inc., Trickle Down Trucking, LP, and Trust Protectors of Alaska, LP) filed a "Motion to Find All Judgments, Orders, and Memorandums [sic] Void Abinitio [sic]" ("Motion to Void").

In the Motion to Void, Mr. Tangwall alleged that Judge Spraker, Trustee, and Trustee's counsel had conflicts of interest that warranted the voiding of all orders entered in the bankruptcy case and related adversary proceedings. Mr. Tangwall alleged that before his appointment to the bench, Judge Spraker had been a law partner with Trustee's counsel, Cabot Christianson. He further alleged that in December 2012 Judge Spraker had entered orders against the Debtor in favor of "his law partner and its client." Both orders were dated December 6, 2012. One was an order denying Debtor's motion to avoid the judgment lien held by the Wackers; the other granted the Wackers' motion for relief from stay (Trustee was not a party to either

motion). Mr. Tangwall also noted that on December 14, 2012, the same day Trustee filed his application to employ Cabot Christianson, Judge Spraker reassigned the case to Judge Ross. In his brief in support of the Motion to Void, Mr. Tangwall argued that both Judge Spraker and Judge Ross should have recused themselves. He further asserted that Judge Corbit should recuse himself "because of the improprieties of Judge Spraker." Additionally, although he did not make any jurisdictional arguments, Mr. Tangwall requested an evidentiary hearing on the issues of personal and subject matter jurisdiction.

Trustee filed an opposition, in which he pointed out that (i) according to a vexatious litigant order entered in 2011 in the Montana state court, Mr. Tangwall had a history of suing every judge who had issued a ruling in any case in which he was involved, and (ii) Judge Spraker had entered the orders in question before Trustee had filed his application to employ Mr. Christianson.

**E.    The Combined Hearing and Disposition of the Motions**

The bankruptcy court heard the Vexatious Litigant Motion and the Motion to Void on April 14, 2017. At that hearing, Mr. Tangwall consented to the bankruptcy court taking judicial notice of the court filings submitted by Trustee in support of the Vexatious Litigant Motion. He also stated in answer to Judge Corbit's inquiry that, despite the language of the Motion to Void, he did not want voided Judge Spraker's order assigning the case to Judge Corbit. Although the bankruptcy court gave Mr. Tangwall an opportunity to argue the Vexatious Litigant Motion, Mr. Tangwall made virtually no argument in opposition to

-10-

that motion, at one point stating in regard to the jurisdictional issues he had raised, "I'm going to argue . . . until hell freezes over, and if I'm vexatious, then I'm vexatious, but somewhere along the line, it's going to be proven that [Civil] Rule 17 applies . . . there's a way that you have to sue a trust, and they did not do it."

As to the Motion to Void, Mr. Tangwall complained that he had never been given a hearing on the jurisdictional issues, so Judge Corbit permitted him to argue. Mr. Tangwall argued, as he had in his papers, that the Toni 1 Trust was not a party to the 2012 Adversary Proceeding and that the trustee of the Toni 1 Trust was not a named party in Trustee's counterclaim.

At the conclusion of the hearing, the bankruptcy court took the matter under advisement and issued a Memorandum Decision and Order. The Order granted the Vexatious Litigant Motion and denied the Motion to Void. The Order also set forth a procedure for Mr. Tangwall and his entities to follow to request permission to file papers in the bankruptcy court.

Mr. Tangwall timely appealed.

## JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(1). We have jurisdiction under 28 U.S.C. § 158.

## ISSUES

Whether the bankruptcy court abused its discretion in granting Trustee's Vexatious Litigant Motion.

Whether the bankruptcy court erred in denying the Motion to Void.

-11-

**STANDARDS OF REVIEW**

We review the bankruptcy court's conclusions of law de novo and its findings of fact for clear error. Keller v. New Penn Fin., LLC (In re Keller), 568 B.R. 118, 121 (9th Cir. BAP 2017).

We review a pre-filing order entered against a vexatious litigant for abuse of discretion. Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1056 (9th Cir. 2007). To determine whether the bankruptcy court has abused its discretion, we conduct a two-step inquiry: (1) we review de novo whether the bankruptcy court identified the correct legal rule to apply to the relief requested and (2) if it did, whether the bankruptcy court's application of the legal standard was illogical, implausible, or without support in inferences that may be drawn from the facts in the record. United States v. Hinkson, 585 F.3d 1247, 1262-63 & n.21 (9th Cir. 2009) (en banc).

**DISCUSSION**

**A.  The bankruptcy court did not abuse its discretion in granting Trustee's Motion to Declare Mr. Tangwall a Vexatious Litigant.**

The All Writs Act, 28 U.S.C. § 1651(a) provides: "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." The Ninth Circuit Court of Appeals has not explicitly held that bankruptcy courts are "courts established by Congress" such that they are authorized to issue writs under the All Writs Act. But it is beyond dispute that federal courts, including district courts, "have the inherent power to file restrictive pre-filing orders against vexatious litigants with

-12-

abusive and lengthy histories of litigation." Weissman v. Quail Lodge, Inc., 179 F.3d 1194, 1197 (9th Cir. 1999); see also De Long v. Hennessey, 912 F.2d 1144, 1146 (9th Cir. 1990) ("We recognize that there is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under appropriate circumstances."). Relying on these authorities, bankruptcy courts in the Ninth Circuit have concluded that they have the power to regulate vexatious litigation under § 105(a) and 28 U.S.C. § 1651(a). See Stanwyck v. Bogen (In re Stanwyck), 450 B.R. 181, 200 (Bankr. C.D. Cal. 2011); Goodman v. Cal. Portland Cement Co. (In re GTI Capital Holdings, LLC), 420 B.R. 1, 11 (Bankr. D. Ariz. 2009). This power includes the power to issue restrictive pre-filing orders against vexatious litigants.

Because such orders constrain a litigant's fundamental right of access to the courts, they should rarely be used, and only if courts comply with certain procedural and substantive requirements. Ringgold-Lockhart v. Cnty. of L.A., 761 F.3d 1057, 1062 (9th Cir. 2014). Therefore, before imposing pre-filing restrictions, the court must:

> (1) give litigants notice and an opportunity to oppose the order before it is entered; (2) compile an adequate record for appellate review, including a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed; (3) make substantive findings of frivolousness or harassment; and (4) tailor the order narrowly so as to closely fit the specific vice encountered.

Id. (quoting DeLong, 912 F.2d at 1147-48).

The bankruptcy court made explicit findings as to all of the

-13-

relevant factors, and Mr. Tangwall does not contend that any of those findings were erroneous. Taking each in turn:

**1. Mr. Tangwall had adequate notice and an opportunity to be heard.**

It is undisputed that Mr. Tangwall was given adequate notice of the hearing and an opportunity to be heard. In fact, the bankruptcy court went out of its way to ensure that Mr. Tangwall had the opportunity fully to address the issues when it continued the hearing on the Vexatious Litigant Motion and permitted Mr. Tangwall to supplement the record. Additionally, the bankruptcy court permitted Mr. Tangwall to argue at length at the April 14, 2017 hearing.

**2. The bankruptcy court provided an adequate list of the cases and motions leading to its conclusion that the vexatious litigant order was needed.**

The bankruptcy court provided in its memorandum a list and details of numerous cases and appeals involving Mr. Tangwall and entities controlled by him in several federal and state jurisdictions. The bankruptcy court also noted that vexatious litigant orders had been entered against Mr. Tangwall in Michigan federal court and Montana state court.

The bankruptcy court further referenced "the record in this court" as evidencing the necessity for a vexatious litigant order, and, in its discussion of the third factor, listed the cases and appeals relating to ownership of the Montana Properties.

### 3. The bankruptcy court made substantive findings of frivolousness or harassment.

The bankruptcy court cited findings from the vexatious litigant order entered in the Montana state court in May 2011, which included a finding that Mr. Tangwall's "history of filing frivolous and patently meritless lawsuits . . . demonstrates that he has no intention of refraining from such practices without intervention of the Court."

Additionally, the bankruptcy court cited Mr. Tangwall's "numerous repetitive and redundant [bankruptcy court] filings that lack a basis in fact or law." The bankruptcy court listed at least twelve cases and appeals originating in the bankruptcy court from Ms. Bertran's bankruptcy as well as Mr. Tangwall's own chapter 7 bankruptcy case, all of which involved the same issues. Based on these filings, the bankruptcy court found:

> Mr. Tangwall has caused needless expense to other parties and has [im]posed an unnecessary burden on the court and its personnel. The court shares the trustee's concerns that Mr. Tangwall will continue to burden the bankruptcy estate's resources and the court. The vast majority of Mr. Tangwall's filings have been meritless. The trustee and his counsel have been burdened because they have had to respond not only to Mr. Tangwall's motions and oppositions, but to the complaints Mr. Tangwall has made outside of this bankruptcy case that attack the trustee's personal reputation and professional capacity. Additionally, Mr. Tangwall's filings, which primarily sought to reargue matters previously decided, have resulted in an overabundance of hearings before this court on issues which are not germane to this bankruptcy. Thus, the court makes a substantive finding of frivolousness and harassment as to Mr. Tangwall.

### 4. The bankruptcy court's order was narrowly tailored.

The bankruptcy court found that an appropriate order was one which required Mr. Tangwall

-15-

> to obtain leave of the court before filing any further documents in this court other than a notice of appeal of this memorandum decision and the related vexatious litigant order. The court assures Mr. Tangwall that it will approve for filing any complaint, pleading or other document if such document adequately demonstrates a basis in law, and conforms to the federal and local rules.

The bankruptcy court's order granting the Vexatious Litigant Motion set forth the procedure that Mr. Tangwall must follow before filing any further papers in the bankruptcy court. Specifically, the order requires Mr. Tangwall to file an application seeking leave to file that attaches the proposed document to be filed and a copy of the pre-filing order. Further, the application must be supported by a declaration that the matters asserted have not previously been raised and disposed of by any court; that the claim or claims are not frivolous, made in bad faith, or for the purpose of harassment; and that the applicant has conducted a reasonable investigation of the facts, and the investigation supports the claims or allegations.

On appeal, Mr. Tangwall does not argue that the bankruptcy court abused its discretion in granting the Vexatious Litigant Motion. Instead, Mr. Tangwall's sole argument with respect to the court's ruling is that the bankruptcy court is an Article I court with limited jurisdiction; as such, it is not a "United States Court" with powers to declare Mr. Tangwall and his entities vexatious litigants. Mr. Tangwall cites no authority for this argument. In the bankruptcy court, he cited Johnson, 239 P.3d 393, without elaboration. We have reviewed this case, which was in part a review of the propriety of awarding attorney's fees for vexatious or bad faith litigation under

-16-

Alaska court rules. Nothing in that case addresses the authority of bankruptcy courts to issue pre-filing orders against vexatious litigants. Based on the authorities cited above, we conclude that the bankruptcy court had the power to enter the pre-filing order, and the court did not abuse its discretion in doing so.

**B. The Bankruptcy Court did not err in denying the Motion to Void.**

As noted, the Motion to Void focused primarily on an alleged conflict due to Judge Spraker's former relationship as a law partner with Trustee's counsel. The bankruptcy court found that Mr. Tangwall had presented no facts to support his claims of alleged bias by the court and that even if such facts existed, the time to present arguments had long passed. The bankruptcy court did not err in this finding. The bankruptcy court docket reflects that Judge Spraker ceased involvement in the case on the same day Trustee filed his application to employ Mr. Christianson. Thereafter, all matters were decided by Judge Ross or Judge Corbit (other than the orders reassigning the case to other judges). As for the two orders entered by Judge Spraker in December 2012, Trustee was not a party to either of the underlying motions; thus, Mr. Tangwall's allegation in the bankruptcy court that those orders were entered "in favor of [Judge Spraker's] law partner Cabot Christianson and their [sic] client Larry D. Compton" is entirely groundless. Moreover, Mr. Tangwall has never filed a motion for recusal despite the fact that the bankruptcy case has been ongoing for over five years.

As for the jurisdictional issues, the bankruptcy court found

that those issues had already been litigated and decided. The record supports this finding. In its order approving the sale of the Ranch, the bankruptcy court explicitly found that it had both personal and subject matter jurisdiction over the parties and matters involved in the motion, and the District Court explicitly affirmed that aspect of the bankruptcy court's ruling. In its Decision & Order on Appeal affirming the bankruptcy court, the District Court held that the bankruptcy court had subject matter jurisdiction over the estate's interest in the Ranch because the Ranch became property of the estate upon the filing of Ms. Bertran's bankruptcy case (because the 2013 Final Judgment had avoided the transfer of the Ranch to the Toni 1 Trust), and the bankruptcy court had authority to authorize the sale of the Wackers' interest in the Ranch because they had consented to the sale. Regarding personal jurisdiction, the District Court held that the bankruptcy court obtained personal jurisdiction over the Toni 1 Trust by virtue of the fact that its trustee, Mr. Tangwall, had filed an adversary proceeding in the bankruptcy court.

On appeal, Mr. Tangwall argues that he never had a hearing on the jurisdictional issues, but he fails to recognize that the bankruptcy court gave him the opportunity to present his arguments at the April 14, 2017 hearing.

Additionally, Mr. Tangwall complains that the bankruptcy court did not make explicit findings of fact and conclusions of law in denying the Motion to Void. While the bankruptcy court arguably could have been more specific in its findings, we may affirm on any basis supported by the record. Caviata Attached

-18-

Homes, LLC v. U.S. Bank, Nat'l Ass'n (In re Caviata Attached Homes, LLC), 481 B.R. 34, 44 (9th Cir. BAP 2012). As explained above, the record supports the bankruptcy court's denial of the Motion to Void. Accordingly, the bankruptcy court did not err.

## CONCLUSION

For the reasons explained above, we AFFIRM both the bankruptcy court's granting of the Vexatious Litigant Order and its denial of the Motion to Void.