**In re Iwao OMOTO, Debtor.**

**Iwao OMOTO, Appellant,**

v.

**Neil RUGGERA, Appellee.**

**BAP No. CC–87–1425.**
**Bankruptcy No. LAX87–50961JB.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted Nov. 18, 1987.

Decided Feb. 29, 1988.

Richard Sphar, Torrance, Cal., for appellant.

Charles L. Firestein, Encino, Cal., for appellee.

Before MEYERS, JONES and MOOREMAN, Bankruptcy Judges.

*OPINION*

MEYERS, Bankruptcy Judge:

I

Appellant Debtor Iwao Omoto appeals from an order granting relief from stay to validate a foreclosure sale. The foreclosing creditor, Neil Ruggera, did so despite the Debtor's third Chapter 13 filing the day before. The trial court issued its order after the Debtor's fourth filing, finding that Omoto had filed in bad faith. The Court declared the foreclosure sale valid and lifted the automatic stay *nunc pro tunc*. We dismiss the case as moot and impose sanctions against Omoto and his attorney.

II

FACTS

The bankruptcy filings leading up to this appeal centered around Omoto's principle residence, a home located in Redondo Beach, California. On June 3, 1986, Omoto filed his first Chapter 13 bankruptcy. Omoto's Chapter 13 plan was confirmed on July 21, 1986. Ruggera filed a motion for relief from the automatic stay and a request for adequate protection on September 15, 1986. On October 15, 1986 the trial court granted Ruggera's motion. The court struck from the motion Ruggera's proposed language applying the order to subsequent bankruptcies and unlawful detainers filed within six months of the order's entry. The Trustee in Omoto's first Chapter 13 case filed a motion to dismiss for failure to make payments on September 29, 1986. After several continuances, the trial court granted the motion and an order dismissing was entered on April 9, 1987. But between the filing of the trustee's motion and the court's order, Omoto filed three other Chapter 13 bankruptcy cases in what the court found was bad faith.

On November 21, 1986, Omoto filed his second Chapter 13 bankruptcy and Ruggera filed another motion for relief from stay for which a hearing date of February 11, 1987 was set. Ruggera indicates that when he appeared for the hearing the court informed him that Omoto had caused the case to be dismissed on January 29, 1987.

A foreclosure sale was then scheduled and noticed for February 20, 1987. Omoto filed his third Chapter 13 bankruptcy on February 19, 1987. The foreclosure sale was held on February 20, 1987, notwithstanding Omoto's third filing. An order dismissing Omoto's third Chapter 13 was filed on March 6, 1987.

On March 20, 1987, Omoto filed his fourth Chapter 13 case and on the same day, Ruggera filed his application for relief from stay to validate the foreclosure sale. After a March 25, 1987 hearing, the court issued an order in which the court declared Omoto's fourth filing "null and void as to [Ruggera]." The court declared that the February 20 foreclosure sale was "valid *nunc pro tunc* and that the automatic stay was lifted *nunc pro tunc*." The court also declared Omoto's fourth filing a bad faith filing and void.

An order dismissing Omoto's fourth filing was entered on April 6, 1987. The court dismissed Omoto's first filing on April 9, 1987. On the same day, Omoto filed a notice of appeal in the third, February 19, 1987, Chapter 13 filing.

III

DISCUSSION

Omoto's appeal is moot because all of the underlying bankruptcy cases have been dismissed and the validity of the foreclosure sale is central to the dismissed cases. We impose sanctions because Omoto's multiple filings evidence bad faith and this appeal is frivolous, being wholly without merit.

A. *Mootness*

■ This Panel can only address actual cases and controversies and, therefore,

has a duty to raise the issue of mootness *sua sponte* when the parties fail to do so. *See In re Yakima Tribal Court*, 806 F.2d 853, 857 (9th Cir.1986). We may take judicial notice of events which have occurred subsequent to the notice of appeal. *See In re Cummins*, 20 B.R. 652, 653–54 (9th Cir.BAP 1982). The general rule, when an underlying bankruptcy case is dismissed, is that it "may indicate that no case or controversy remains with respect to issues directly involving the reorganization of the estate." *In re Dahlquist*, 751 F.2d 295, 298 (8th Cir.1985) (appeal from interim award of attorney's fees not rendered moot by dismissal of underlying case); *see also Dahlquist v. First National Bank*, 737 F.2d 733 (8th Cir.1984) (appeal from a cash collateral order moot when underlying case dismissed); *In re S.L.E., Inc.*, 674 F.2d 359 (5th Cir.1982) (appeal from order authorizing receiver to execute consent agreements rendered moot by settlements and subsequent dismissal of underlying case).

■ The case before us involves the foreclosure sale of Omoto's principle residence. No other piece of property is more central to the debtor's attempt to reorganize under Chapter 13 of the Bankruptcy Code. When the underlying case is dismissed, the issue of whether the court should have approved the foreclosure sale is rendered moot because there is no longer an attempt to pursue a Chapter 13 plan. There is, therefore, no reason to restrain the creditor's right to foreclose. We note that this is not a case where the debtor appeals the underlying dismissal or has obtained a stay of such dismissal pending appeal. We express no opinion on whether such circumstances might call for a different result. *See In re Cook*, 730 F.2d 1324, 1326 (9th Cir.1984).

An examination of the record reveals that all of Omoto's Chapter 13 cases had been dismissed by the day he filed his notice of appeal. The case in which the appealed order arose, the February 19, 1987 filing, was dismissed on March 6, 1987, over a month before Omoto filed his notice of appeal. The last case dismissed, which happened to be Omoto's first filing, was dismissed on April 9, 1987, the same day Omoto filed his appeal. Because all of Omoto's cases have been dismissed, his appeal is moot.

## B. *Sanctions*

■ Ruggera asks us to impose sanctions on Omoto. We do so because we view this appeal as frivolous. A trial court's decision to forgo sanctions will not be overturned absent an abuse of discretion. *In re Chisum*, 68 B.R. 471 (9th Cir.BAP 1986). We do not disturb the trial court's decision not to impose sanctions at the trial level. The Panel, however, finds that the appeal, in light of the history in the trial court, is worthy of sanctions.

■ The Ninth Circuit has recently held that contempt power must be expressly granted to non-Article III courts. *In re Sequoia Auto Brokers, Ltd., Inc.*, 827 F.2d 1281 (9th Cir.1987). The Ninth Circuit Court of Appeals has explained *Sequoia*'s effect on Rule 9011 sanctions. In *Gonzalez v. Parks*, 830 F.2d 1033 (9th Cir.1987), the Ninth Circuit held that *Sequoia* does not extend to Bankruptcy Rule 9011 sanctions because, unlike Rule 9020 contempt powers, Rule 9011 is not based on portions of the Code which have subsequently been repealed by Congress. 830 F.2d at 1036 n. 7. *See also In re Walter*, 83 B.R. 14 (9th Cir.BAP 1988).

Following the *Gonzalez* analysis, we need not decide if *Sequoia*'s holding extends to a Bankruptcy Appellate Panel's inherent power to sanction parties for filing frivolous appeals as the rules specifically provide for this power. Bankruptcy Rule 8018 provides that the circuit court, by a majority of the judges of the council, may "make and amend rules governing practice and procedure for appeals from the bankruptcy courts to the … bankruptcy appellate panel … not inconsistent with the Part VIII." The May 3, 1985 order of the Judicial Council of the Ninth Circuit, section 8(b), authorizes promulgation of the Rules of Procedure by the Bankruptcy Appellate Panel. Rule 13 of the Rules of Procedure for the Bankruptcy Appellate Panel for the Ninth Circuit provides that

"In cases where Part VIII of the Bankruptcy Rules and the BAP Rules are silent as to a particular matter of practice before the panel, a panel may apply the Rules of the United States Court of Appeals for the Ninth Circuit, the Federal Rules of Appellate Procedure, or any relevant rule of the Supreme Court of the United States."

The Bankruptcy Rules and the Rules of Procedure for the Bankruptcy Appellate Panel do not contain a provision dealing with sanctions on appeal. By the Rules' direction, we turn to the Federal Rules of Appellate procedure for guidance noting that Rule 38 states that: "[i]f a court of appeals shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee." Cases interpreting Rule 38 indicate that a frivolous appeal is one where the result is obvious or the arguments are wholly without merit. *In re Hawaii Corp.* 796 F.2d 1139, 1144 (9th Cir.1986); *In re Peoro*, 793 F.2d 1048, 1052 (9th Cir.1986).

The appeal in the instant case is frivolous. The appeal is from a case that was dismissed March 6, 1987, over a month before Omoto filed his notice of appeal. By April 9, 1987, the same day Omoto filed his appeal, all of his Chapter 13 cases had been dismissed. Under these circumstances, we view the appeal as one of Omoto's bad faith filings and award double costs and attorney's fees to Ruggera against Omoto and his attorney. *See In re Transcontinental Energy Corp.*, 764 F.2d 1296, 1300 (9th Cir.1985). The case is REMANDED to the trial court for a determination of the amount of the costs and attorney's fees.