In re Kenneth "Jesse" M. NELSON, and Vickie Lynn Nelson, aka Vickie Lynn Paramore, Husband and Wife, dba/ Post Falls Taxi, Debtors.

Vickie Lynn NELSON, aka Vickie Lynn Paramore, a single person, Plaintiff,

v.

POST FALLS MAZDA and Terry Jordon, its Principal, Defendants.

Bankruptcy No. 89–03486.
Adv. No. 93–6080.

United States Bankruptcy Court, D. Idaho.

Nov. 1, 1993.

G.W. Haight, Coeur d'Alene, Idaho, for debtors.

Scott Rose, Post Falls, Idaho, for Shiloh, Inc. dba Post Falls Mazda.

MEMORANDUM OF DECISION

ALFRED C. HAGAN, Chief Judge.

Shiloh, Inc., dba Post Falls Mazda ("Shiloh") and Terry Jordan ("Jordan"), defendants in the above-captioned adversary proceeding, move for summary judgment, or in the alternative for partial summary judgment in favor of Jordan. Kenneth and Vickie Nelson ("debtors"), the debtors in the underlying bankruptcy, oppose the motion.

This adversary proceeding is a complaint for violation of the automatic stay imposed by section 362 of the Bankruptcy Code. Debtors allege that Shiloh, and Jordan as its principal, wrongfully repossessed their vehicle on October 12, 1990, after the debt-

ors filed bankruptcy and in violation of the automatic stay. Debtors allege that demand was made on Shiloh and Jordan for return of the vehicle, but the vehicle was not returned "for many days." [1] These actions occurred in October, 1990; the present action was filed over two years later, on April 14, 1993. Defendants contend this action is barred by the two year statute of limitations of I.C. § 5–219 (action for penalty or forfeiture), made applicable by 11 U.S.C. § 108(a). Defendants additionally argue Jordan should be granted partial summary judgment because he is an officer of Shiloh, and is thus protected by the veil of corporate immunity. Debtors resist the motion, alleging that the proper statute of limitations is either three years under I.C. § 5–218 (action for trespass, trover, replevin or fraud) or four years under I.C. § 5–224 (action not otherwise provided for by statute), and that Jordan is individually liable for violation of the automatic stay.

Summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure, made applicable here by F.R.B.P. 7056. Summary judgment should be granted if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." F.R.C.P. 56(c).

■ Section 362(h) permits a party to recover for "willful" violations of the automatic stay. 11 U.S.C. § 362(h). Defendants wrongly assume section 108 requires application of a state statute of limitations. Section 108 is involved only where there is "applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement" limiting the time in which an action may be brought. Section 362(h) creates a federal bankruptcy cause of action, and no nonbankruptcy law is involved. Moreover, section 108 acts only to toll causes of action during the pendency of

bankruptcy, not to provide a substantive statute of limitations.

■ The parties have not cited, and the Court has not found, any reported case imposing a statute of limitations on section 362(h). In failing to address the issue, a Seventh Circuit decision suggests an action under section 362(h) is valid even though brought six years after the violation of the automatic stay. *Martin–Trigona v. Champion Fed. Sav. and Loan Ass'n*, 892 F.2d 575, 577 (7th Cir.1989) ("[I]t would be clear that a suit to enforce one's rights under section 362(h) could be brought in district court before a district judge, as Martin–Trigona has done"; the court concluded there was no violation of the stay). Congress passed section 362(h) without limiting the period in which such a cause of action might be filed. "We too think that the language is too clear to be ignored, and we hesitate to impose an artificial limit on the breadth of the provision. . . ." *Price v. Rochford*, 947 F.2d 829, 831–32 (7th Cir. 1991) (action under section 362(h) could be filed after underlying bankruptcy was dismissed). Defendants have failed to demonstrate this action is barred by any statute of limitations, and therefore are not entitled to summary judgment.[2] This is not to say that laches might be an appropriate defense, particularly where the action is brought after the dismissal or expiration of the term of the case.

■ With regard to corporate immunity, Jordan is not entitled to judgment as a matter of law, nor has he shown that there is no genuine issue as to any material fact. Corporate officers are liable for their individual tortious acts, even if those acts are done for the benefit of the corporation. *In re Hawkins*, 144 B.R. 481, 484–85 (Bankr.D.Idaho 1992) (corporate officer/director held individually liable to farmers,

---

**1.** Complaint, ¶ 5. The vehicle was returned on October 25, 1990.

**2.** To the extent that state law may govern the proper statute of limitations, the statute proposed by the defendants is not it. The three year statute of limitations for trespass or conversion of goods (I.C. § 5–218), or the four year statute of limitations where no statute of limita-

tions is otherwise provided (I.C. § 5–224), proposed by the debtors, are far more appropriate than the two year statute of limitations for a penalty or forfeiture (I.C. § 5–219). The contention that section 362(h) should be considered a "penalty," when section 362(h) mandates recovery of "actual damages," is incorrect.

where officer/director converted beans deposited by farmers at corporation's storage facility); 3A Stephen Flanagan & Charles Keating, *Fletcher Cyclopedia of the Law of Private Corporations* § 1135 (1986 & 1993 Supp.). *See also McAlvain v. General Ins. Co. of America,* 97 Idaho 777, 554 P.2d 955, 959 (Idaho 1976) (agent of principal may be individually liable for negligence). The fact Jordan is an officer of a corporation does not immunize him from liability for his actions.

■ Defendants contended at oral argument that Jordan is entitled to judgment because his involvement in the repossession and/or refusal to return the vehicle was insufficient to create liability under section 362(h). Evidence has been presented to show that Jordan was informed of the debtors' bankruptcy and the automatic stay, at the latest, on the evening the vehicle was repossessed. The vehicle was not returned for almost two weeks after Jordan received this notice. Given that section 362(h) permits recovery for willful violations of the stay, the Court finds a genuine issue of material fact remains regarding whether Jordan's involvement was sufficient to subject him to individual liability. A separate order will be entered denying the motion for partial summary judgment.