**NOT FOR PUBLICATION**

## UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No.   NC-17-1114-BSTa |
| TERESA JEAN MOORE, | Bk. No.   16-53510 |
| Debtor. | Adv. No.   17-05005 |
| JEFFREY MERRITT WILSON, | |
| Appellant, | |
| v. | **M E M O R A N D U M**[1] |
| DEPARTMENT OF TRANSPORTATION (CALTRANS); U.S. BANK NATIONAL ASSOCIATION; STEPHEN AARON SILVER; AUSTIN B. KENNEY; SAN BENITO COUNTY BOND, | |
| Appellees. | |

Submitted Without Argument on January 25, 2018

Filed - February 26, 2018

Appeal from the United States Bankruptcy Court
for the Northern District of California

Honorable Stephen L. Johnson, Bankruptcy Judge, Presiding

Appearances:    Appellant Jeffrey Merritt Wilson, pro se on brief; Jan T. Chilton, Mary Kate Sullivan, and Bernard J. Kornberg of Severson & Werson on brief for appellees U.S. Bank, National Association and Austin B. Kenney; Jeanne Scherer, G. Michael Harrington, Karl H. Schmidt, and Ankush Agarwal of the California Department of Transportation Legal Division on brief for appellees California

---

[1] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8024-1.

Department of Transportation (CalTrans) and Stephen Aaron Silver.

Before: BRAND, SPRAKER and TAYLOR, Bankruptcy Judges.

Appellant Jeffrey Merritt Wilson appeals an order granting a motion to dismiss his complaint against all defendants for lack of subject matter jurisdiction and because Wilson's claims were barred by the doctrine of issue preclusion. We AFFIRM on the basis that the bankruptcy court lacked jurisdiction over Wilson's claims.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

**A.   Events prior to the adversary proceeding**

Wilson and the debtor, Teresa Jean Moore, are no strangers to bankruptcy or to the inside of a courtroom. Prior to Debtor's current bankruptcy case, Debtor filed no less than seven bankruptcy cases in various districts, including the District of Hawaii, the District of Nevada, and the Northern and Central Districts of California. Wilson has also filed (or had filed against him) at least four bankruptcy cases in the Northern District of California since 2010. Wilson and Debtor have also spent years in the California state courts pursuing, unsuccessfully, a wrongful foreclosure action against various parties for real property they once co-owned (the "Property"), which was lost to foreclosure prior to Debtor's current bankruptcy case.

In 2006, Wilson purchased the Property with a $776,000 loan from Commitment Lending. To secure the loan, Wilson executed a deed of trust against the Property in favor of Commitment Lending.

-2-

Wilson defaulted, and foreclosure proceedings were initiated. A Notice of Default was issued in March 2010. In April 2010, Commitment Lending assigned its interest in the note and deed of trust to U.S. Bank, which issued a Notice of Trustee's Sale in July 2010. Around this same time, and apparently without U.S. Bank's knowledge or authorization, Wilson transferred by grant deed a 50% interest in the Property to Debtor.

In 2011, the California Department of Transportation ("CalTrans") filed an eminent domain action against the Property in state court. The defendants included Wilson, Debtor and U.S. Bank. Wilson and Debtor, pro se, filed a 55-page cross-complaint against U.S. Bank and others, alleging that the loan documents were forged and that the pending foreclosure proceeding was wrongful. Among their claims, Wilson and Debtor asserted that U.S. Bank was not the party entitled to enforce the note. Wilson and Debtor sought monetary damages and quiet title for the Property. Contrary to what he now asserts, Wilson and Debtor asserted that the state court had "original jurisdiction" to hear their claims. The state court dismissed Wilson's and Debtor's cross-complaint with prejudice in May 2013.[2]

In May 2014, Debtor filed a bankruptcy case in the District of Nevada. In November 2014, the Nevada Bankruptcy Court entered an order granting U.S. Bank stay relief for the Property under

---

[2] The outcome of the eminent domain action is unknown. However, since U.S. Bank ultimately foreclosed and has since obtained a Writ of Possession and posted a Notice to Vacate the Property, we assume the outcome was not favorable for Wilson or Debtor.

-3-

§ 362(d)(1)[3] and (d)(2), and also granted "in rem" relief under § 362(d)(4), finding that Debtor's petition and her and Wilson's transfers of interest in the Property were part of a scheme to delay, hinder, or defraud creditors.

A new Notice of Sale was issued for the Property, setting a trustee's sale date. On that same day, Debtor filed an involuntary chapter 7 bankruptcy petition against Wilson in the Northern District of California. That case was later dismissed.

The trustee's sale for the Property occurred on July 30, 2015; U.S. Bank was the successful bidder for $488,750.00 and later recorded a trustee's deed. Thereafter, U.S. Bank filed an unlawful detainer action. Debtor filed this chapter 13 bankruptcy case in response on December 16, 2016.

**B.    The adversary proceeding**

Wilson, as self-proclaimed "Competent-Fact-Witness, Preferred Stockholder, American-State-National, Third-Party Intervenor and Beneficiary of the Estate-Trust," filed an adversary complaint in Debtor's case against CalTrans, San Benito County Bond, U.S. Bank, Stephen Aaron Silver, Esq. and Austin B. Kenney, Esq. (attorneys for CalTrans and U.S. Bank, respectively, in the eminent domain action) (collectively, "Defendants"), challenging the completed foreclosure of the Property. Wilson's complaint alleged claims for:  breach of the covenant of good faith and fair dealing; "violation of past subject matter jurisdictional challenge procedures;" violations of the Fourth and Fifth Amendments;

---

[3]    Unless specified otherwise, all chapter, code and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.  The Federal Rules of Civil Procedure are referred to as "Civil Rules."

-4-

violation of the "forever benefits of a specific United States Land Patent;" violations of oaths of allegiance and oaths of office; and violations of the Civil Racketeer Influenced and Corrupt Organizations Act. Wilson asserted that the bankruptcy court had "original" jurisdiction over the complaint.

In short, Wilson's complaint asserted that the foreclosure sale was void because both the state court and Defendants "lacked subject matter jurisdiction." His argument went as follows: because title to Wilson's Property was originally derived from the Treaty of Guadalupe Hidalgo and then transferred by a federal land patent to private citizens, only federal courts can render decisions regarding validity of title; thus, the state court lacked jurisdiction to authorize anything respecting the Property, and Defendants lacked "standing" and "subject matter jurisdiction" to proceed with the sale under California's nonjudicial foreclosure laws because those laws did not apply.

Wilson alleged that his complaint was a "re-brand-new Subject Matter Jurisdiction Challenge" to the state court's power to issue orders in the eminent domain and unlawful detainer actions, including the dismissal of Wilson's and Debtor's cross-complaint. Wilson alleged that that judge who issued the orders in those actions had no valid "Oath of Office" on file and was therefore "impersonating a judicial officer." Wilson also disputed whether the attorneys representing Defendants in the eminent domain and unlawful detainer actions had the authority to do so, a claim he raises repeatedly. Wilson requested declaratory relief that Defendants had no interest in the Property.

Thereafter, Wilson filed several additional documents titled

as either "requests for judicial notice" or "demand notices."

U.S. Bank and Kenney moved to dismiss Wilson's complaint under Civil Rule 12(b)(1) and (b)(6) for lack of jurisdiction and failure to state a claim ("Motion to Dismiss"). They argued that non-debtor Wilson could not invoke any bankruptcy protections related to the Property. Further, they argued that any legal interest Debtor held in the Property was extinguished by the prepetition foreclosure; hence, the Property was never property of the estate. Therefore, because Wilson's claims did not "arise in" or "arise under" title 11, or "relate to" administration of the bankruptcy estate, U.S. Bank and Kenney argued that the bankruptcy court lacked subject matter jurisdiction. Alternatively, they argued that Wilson had already litigated the Defendants' right to foreclose on the Property and lost; thus, he was precluded from relitigating this same issue.

Wilson responded by filing another round of documents, including what the bankruptcy court deciphered as his "opposition" to the Motion to Dismiss. Wilson argued that U.S. Bank and Kenney had failed to establish that the bankruptcy court lacked jurisdiction over the complaint. Wilson also argued that, because "Defendants and their alleged Bar Attorneys" had not shown they were authorized to represent Defendants, they were "trespassers." Wilson also attempted to raise a stay violation argument against U.S. Bank and to challenge the validity of the "in rem" order issued by the Nevada Bankruptcy Court.

After a brief hearing, the bankruptcy court entered an order granting the Motion to Dismiss and dismissing the complaint against all Defendants with prejudice ("Dismissal Order"). The

-6-

court first determined that it lacked subject matter jurisdiction over the complaint. In addition, it found that <u>Rooker-Feldman</u> provided an alternative ground to dismiss the first two claims, because those claims challenged the validity of the completed foreclosure of the Property and Wilson had conceded that U.S. Bank's right to foreclose had been finally decided by the state court. Lastly, the court determined that Wilson's first two claims were barred by the doctrine of issue preclusion.

Wilson timely appealed.[4]

## II. JURISDICTION

As discussed below, the bankruptcy court lacked subject matter jurisdiction over the complaint under 28 U.S.C. § 1334. However, we have jurisdiction to review the court's Dismissal Order under 28 U.S.C. § 158.

## III. ISSUES

1. Did the bankruptcy court err in dismissing the complaint for lack of subject matter jurisdiction?

2. Did the bankruptcy court err in dismissing the complaint on the basis of issue preclusion?

---

[4] On August 30, 2017, the bankruptcy court declined to enter a judgment in favor of Defendants, believing that it was precluded from doing so since the Dismissal Order was on appeal.

Rule 7058 incorporates Civil Rule 58 and applies in adversary proceedings. Civil Rule 58(a) states that every judgment must be entered on a separate document. The Dismissal Order dismissing the complaint may not be a sufficiently separate final judgment under Civil Rule 58(a). Although no separate judgment was entered, the bankruptcy court's order became final under Civil Rule 58(c)(2)(B) 150 days after the order was entered on the docket. Regardless, the separate judgment requirement is not jurisdictional and can be waived. See <u>Bankers Tr. Co. v. Mallis</u>, 435 U.S. 381, 384-85 (1978). On appeal, Wilson did not argue the lack of a separate judgment. Accordingly, he waived his right to require entry of a separate judgment. <u>Id.</u> at 386.

3.    Did the bankruptcy court abuse its discretion by dismissing the complaint with prejudice?

## IV. STANDARDS OF REVIEW

We review de novo questions of subject matter jurisdiction. Montana v. Goldin (In re Pegasus Gold Corp.), 394 F.3d 1189, 1193 (9th Cir. 2005); Davis v. Courington (In re Davis), 177 B.R. 907, 910 (9th Cir. BAP 1995) (dismissal of a complaint for lack of subject matter jurisdiction).

We review de novo the bankruptcy court's determination that issue preclusion was available. Plyam v. Precision Dev., LLC (In re Plyam), 530 B.R. 456, 461 (9th Cir. BAP 2015). If issue preclusion was available, we review the bankruptcy court's application of it for an abuse of discretion. Id.

A dismissal granted without leave to amend and with prejudice is reviewed for abuse of discretion. AE ex rel. Hernandez v. Cnty. of Tulare, 666 F.3d 631, 636 (9th Cir. 2012).

A bankruptcy court abuses its discretion if it applies the wrong legal standard, misapplies the correct legal standard, or if its factual findings are illogical, implausible, or without support in inferences that may be drawn from the facts in the record. TrafficSchool.com, Inc. v. Edriver Inc., 653 F.3d 820, 832 (9th Cir. 2011).

## V. DISCUSSION

Wilson raises 17 issues on appeal. Although Wilson fails to articulate any coherent argument for supporting reversal of the Dismissal Order, because he is pro se, we construe his brief liberally and address what arguments he appears to raise. See Keys v. 701 Mariposa Project, LLC (In re Keys), 514 B.R. 10, 15

-8-

n.3 (9th Cir. BAP 2014) (we must liberally construe pro se appeal briefs).

## A.   Standards applicable to the Motion to Dismiss

When considering a motion to dismiss under Civil Rule 12(b)(1), applicable here by Rule 7012, the bankruptcy court is not restricted to the face of the pleadings but may review evidence outside the pleadings to resolve factual disputes concerning the existence of jurisdiction without converting the motion to one for summary judgment.  See U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue"); McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988) (court can consider affidavits and testimony); Biotics Research Corp. v. Heckler, 710 F.2d 1375, 1379 (9th Cir. 1983) (consideration of material outside the pleadings did not convert a Civil Rule 12(b)(1) motion into one for summary judgment).[5] Accordingly, we review the bankruptcy court's action as a dismissal under Civil Rule 12 and not one for summary judgment.

The burden of establishing subject matter jurisdiction rests on the party asserting that the court has jurisdiction.  McNutt v. GM Acceptance Corp., 298 U.S. 178, 182-83 (1936).  Hence, Wilson had the burden of establishing that the bankruptcy court had subject matter jurisdiction, not Defendants.

---

[5]  For this reason, we reject Wilson's "Issue 16," which essentially faults the bankruptcy court for considering and using information it obtained from the documents filed by U.S. Bank with its Motion to Dismiss to render its decision.

-9-

**B. The bankruptcy court did not err in dismissing the complaint for lack of subject matter jurisdiction, and it did not abuse its discretion by dismissing it with prejudice.**

A defendant may assert, by motion, the defense that the court lacks jurisdiction to consider a lawsuit. Civil Rule 12(b)(1); Rule 7012. The bankruptcy court determined on U.S. Bank's and Kenney's motion that it lacked subject matter jurisdiction over Wilson's complaint.

Bankruptcy court jurisdiction is statutorily based. Under 28 U.S.C. § 1334(b), a bankruptcy court has jurisdiction over "all civil proceedings arising under title 11, or arising in or related to cases under title 11." The terms "arising under title 11" and "arising in a case under title 11" are terms of art which the courts have defined. Wilshire Courtyard v. Cal. Franchise Tax Bd. (In re Wilshire Courtyard), 729 F.3d 1279, 1285 (9th Cir. 2013). A proceeding "arises under" title 11 if it presents claims for relief created or controlled by title 11. Id. In contrast, the claims for relief in a proceeding "arising in" a title 11 case are not explicitly created or controlled by title 11, but such claims nonetheless would have no existence outside of a bankruptcy case. Id. Wilson's claims did not "arise under" the Code because they did not invoke any bankruptcy right, nor did they "arise in" the Code as they could exist outside of Debtor's bankruptcy.

The bankruptcy court also has jurisdiction over "those proceedings that are 'related to' a bankruptcy case." In re Pegasus Gold Corp., 394 F.3d at 1193. An action is "related to" a bankruptcy case if the outcome of the proceeding could conceivably alter the debtor's rights, liabilities, options or freedom of action (either positively or negatively) in such a way

-10-

as to impact the administration of the bankruptcy estate. Great W. Sav. v. Fietz (In re Fietz), 852 F.2d 455, 457 (9th Cir. 1988) (adopting Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir. 1984)). In terms of "related to" jurisdiction, "bankruptcy courts have no jurisdiction over proceedings that have no effect on the estate of the debtor." Celotex Corp. v. Edwards, 514 U.S. 300, 308 & n.6 (1995).

At best, the only jurisdiction the bankruptcy court could have had here was "related to" jurisdiction. Debtor was not a party to the complaint. Furthermore, and contrary to Wilson's contention, the Property was never property of her bankruptcy estate because it was sold at a non-judicial foreclosure sale on July 30, 2015, nearly 18 months before she filed the current bankruptcy case. None of Wilson's claims implicate Debtor or estate property, and the outcome of the adversary proceeding could not conceivably alter Debtor's rights, liabilities, or options, or otherwise impact the administration of her bankruptcy estate.

Accordingly, we conclude that the bankruptcy court lacked subject matter jurisdiction to entertain Wilson's complaint, and it did not err by dismissing it on that basis. See also 28 U.S.C. § 1334(e)(1). Any arguments Wilson raises to the contrary (his Issues 4, 9, 10, 11, 14, 15 & 17) lack merit.

We further conclude that the bankruptcy court did not abuse its discretion by dismissing the complaint with prejudice. Wilson argues that the court should have allowed him to amend the complaint to cure the defect of jurisdiction (Issue 6). Generally, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that

-11-

the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000). In other words, dismissal is proper if any potential amendment of the complaint would be futile. Although Wilson did not request the opportunity to amend and the bankruptcy court did not address this issue, amendment in this case would be futile. No facts that Wilson could assert about real property that was never part of Debtor's bankruptcy estate would cure the defect of lack of subject matter jurisdiction. For this reason, the court also did not err by dismissing the complaint as to all Defendants and not just as to U.S. Bank and Kenney, the only parties on the Motion to Dismiss (Issue 1).

Because we can affirm on the basis that the bankruptcy court lacked subject matter jurisdiction over the complaint, we need not determine whether it erred in applying issue preclusion as an alternative basis to dismiss.

**C. Wilson's remaining arguments lack merit.**

For completeness, we also address various issues Wilson raises in his brief not specifically addressed above and some of which were never presented to the bankruptcy court.

For his Issues 2, 5 and 13, Wilson seems to contest U.S. Bank's and Kenney's "standing" to appear on the Motion to Dismiss and the propriety of the court allowing their attorneys to appear on their behalf without proof. These arguments fail. Wilson hauled U.S. Bank and Kenney into the court with his complaint. These defendants do not need to establish "standing" to defend themselves in his lawsuit. To the contrary, as plaintiff, it was Wilson's burden to establish that **he** had standing to appear before

-12-

the court. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992).

As for their attorneys, they were not required to "prove" to Wilson that they were authorized to appear on behalf of their clients. An attorney making an appearance for a litigant is presumed to have been granted authority to represent that litigant. Dep't of Water & Power of City of L.A. v. Anderson, 95 F.2d 577, 580 (9th Cir. 1938). Furthermore, because U.S. Bank and Kenney did not deny the authority of their attorneys to appear, the bankruptcy court was not required to make any such inquiry. Id.

In Issue 3, Wilson faults the bankruptcy court for not entering defaults against Defendants. A default was not warranted for U.S. Bank and Kenney. They timely filed a Civil Rule 12(b) motion in lieu of an answer, which is entirely permissible under the rule. As for CalTrans and Silver, the record reflects that there were some service issues respecting the original summons and complaint. An alias summons was later issued, giving them until April 14, 2017, to file an answer. They too filed a motion to dismiss in lieu of an answer, which may have been filed three days late on April 17, but Wilson never requested that a default be entered after April 14 and before April 17. The court was not required to do it sua sponte.

In Issue 7, Wilson complains that the bankruptcy court "did not allow" his complaint "to be transferred to the proper court if needed be." Wilson never made any such request, and the court never denied one.

In Issue 8, Wilson suggests he did not get fair treatment

-13-

because he appeared pro se. A review of the record shows that the bankruptcy court gave Wilson's multitude of papers and argument more than due consideration. Further, Wilson is not your typical pro se litigant; he has seen the inside of many courtrooms.

Finally, in Issue 12, Wilson contends that the bankruptcy court erred by not considering that a stay was in place due to his involuntary chapter 7 case that was filed just days before the foreclosure sale. Relief for a stay violation was not a claim asserted in Wilson's complaint; rather, he raised it in opposition to the Motion to Dismiss. "The complaint cannot be amended by the briefs filed by the plaintiff in opposition to the motion to dismiss." Gomez v. Ill. State Bd. of Educ., 811 F.2d 1030, 1039 (7th Cir. 1987) (citation omitted). As such, the bankruptcy court did not have to consider this issue.

## VI. CONCLUSION

For the reasons stated above, we AFFIRM.

-14-