

**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>DAVID ANTHONY JACKSON, JR.,<br>　　　　　　　Debtor. | BAP No. EC-23-1055-CFB<br><br>Bk. No. 22-11914 |
| DAVID ANTHONY JACKSON, JR.,<br>　　　　　　　Appellant,<br>v.<br>KATHLEEN ALLISON; BRIAN CATES;<br>ROB BONTA; BOB DUTTON; SAN<br>BERNARDINO COUNTY SUPERIOR<br>COURT,<br>　　　　　　　Appellees. | Adv. No. 23-01002<br><br>**MEMORANDUM**[*] |

Appeal from the United States Bankruptcy Court
for the Eastern District of California
Rene Lastreto, II, Bankruptcy Judge, Presiding

Before: CORBIT, FARIS, and BRAND, Bankruptcy Judges.

## INTRODUCTION

Chapter 7[1] debtor David Anthony Jackson, Jr. ("Jackson") appeals the

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of

bankruptcy court's order dismissing his adversary complaint to void his criminal conviction. The bankruptcy court determined that it did not have subject-matter jurisdiction to hear Jackson's complaint. Because the bankruptcy court did not err, we AFFIRM.

## FACTS

### A. History prior to bankruptcy

In 2010, Jackson was convicted of second-degree murder for killing his girlfriend's eighteen-month-old daughter. *Jackson v. Long*, Case No. ED CV 12-1293 PSG (MRW), 2018 WL 11353753, at *1 (C.D. Cal. June 4, 2018). Jackson was sentenced to 25 years to life in state prison. Jackson unsuccessfully challenged his conviction and sentence through both a direct appeal and a writ of habeas corpus.

### B. Jackson's bankruptcy case

After exhausting his options for appealing his conviction, Jackson filed a chapter 7 bankruptcy case in a novel but meritless attempt to void his criminal conviction and sentence.[2]

Jackson filed eight motions in his main bankruptcy case to avoid his criminal indictment and conviction on grounds that it was an

---

Civil Procedure.

[2] The California assistant attorney general testified at the hearing to dismiss the complaint that "there appear[ed] to be considered effort in the California Correctional Institution, the state prison in Tehachapi where Mr. Jackson is currently incarcerated, to bring these types of frivolous bankruptcy motions[,]" and that he had just received three additional, identical petitions filed by other inmates.

2

"unenforceable contract" resulting in an illegal "judicial lien" subject to avoidance under § 522(f).[3]

## C. Jackson's adversary complaint

Thereafter, Jackson initiated an adversary proceeding seeking the same relief against Kathleen Allison, Secretary of the California Department of Corrections & Rehabilitation; Rob Bonta, California Attorney General; Nancy Eberhardt, San Bernardino County Superior Court Clerk; Brian Cates, Warden of California Correctional Institution Tehachapi; and Bob Dutton, San Bernardino County Recorder-Assessor-Clerk ("Defendants").

In his complaint,[4] Jackson alleged that his murder indictment and subsequent conviction in the California Superior Court constituted an unenforceable and illegal executory contract ("Executory Contract"). Jackson argued that the Executory Contract was unenforceable, illegal, and void because (1) it was formed without his knowledge or consent; (2) his name was written in capital letters; and (3) one of the parties to the Executory Contract was "The People of the State of California," which was not registered with the California Secretary of State as a corporation, and

---

[3] Pursuant to Federal Rule of Evidence 201(b), we exercise our discretion to take judicial notice of materials electronically filed in the underlying cases. *See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood)*, 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

[4] The bankruptcy court struck Jackson's second and third amended complaints because Jackson did not request leave or obtain consent.

therefore was not authorized to conduct business including criminal prosecutions.

Jackson concluded that because he did not consent to the creation of the illegal Executory Contract, he was entitled to the following relief: (1) "recall" of his entire record, sentence, conviction, and all orders arising from the illegal contract; (2) "eradication of all records, debts, and created indemnities from all illegal contracts;" (3) return of "ALL proceeds made from the sale of the Surety Bond(s) and other GSA bonds created from the illegally formed contract;" (4) a court order for the "U.S. Marshalls [sic] to retrieve" Jackson from the California Correctional Institute Tehachapi" and return him to his place of residence; and (5) removal and return of "ALL mutual bond(s) funds."

**D.   Defendants' motion to dismiss**

Defendants filed a motion to dismiss Jackson's complaint for lack of subject-matter jurisdiction pursuant to Civil Rule 12(b)(1) and failure to state a claim pursuant to Civil Rule 12(b)(6), both made applicable to adversary proceedings through Rule 7012.

Defendants argued that the bankruptcy court did not have subject-matter jurisdiction to hear a challenge to a valid criminal conviction and sentence filed by a prisoner held in state custody on state criminal charges.

For the same reason, Defendants asserted that Jackson failed to plead a cognizable claim for relief.

4

**E.     Dismissal of Jackson's complaint**

Before the hearing on Jackson's complaint, the bankruptcy court issued a tentative ruling granting the Defendants' motion to dismiss. After the hearing, at which all parties were given the opportunity to argue telephonically, the bankruptcy court adopted its tentative ruling and entered an order dismissing the complaint "without leave to amend but without prejudice to filing his claims in an appropriate court" ("Dismissal Order").

The bankruptcy court found that Jackson was challenging his physical imprisonment. Accordingly, the bankruptcy court determined Jackson's only remedy was through a writ of habeas corpus. Because bankruptcy courts cannot grant writs of habeas corpus or invalidate the results of state criminal proceedings, the bankruptcy court determined that it did not have subject-matter jurisdiction to hear Jackson's complaint.

The bankruptcy court also determined that Jackson's allegation that his conviction was a contract that could be avoided by a bankruptcy discharge was without merit.

Jackson timely appealed.

## JURISDICTION

As discussed below, the bankruptcy court lacked subject-matter jurisdiction over the complaint under 28 U.S.C. § 1334. However, the panel has jurisdiction to review the bankruptcy court's Dismissal Order under 28 U.S.C. § 158.

## ISSUES

Did the bankruptcy court err in dismissing the adversary complaint under Civil Rule 12(b)?

Did the bankruptcy court abuse it discretion in dismissing the adversary complaint without leave to amend?

## STANDARDS OF REVIEW

We review de novo questions of subject-matter jurisdiction. *Montana v. Goldin (In re Pegasus Gold Corp.*), 394 F.3d 1189, 1193 (9th Cir. 2005); *Davis v. Courington (In re Davis*), 177 B.R. 907, 910 (9th Cir. BAP 1995) (dismissal of a complaint for lack of subject-matter jurisdiction). "De novo review requires that we consider a matter anew, as if no decision had been made previously." *Francis v. Wallace (In re Francis*), 505 B.R. 914, 917 (9th Cir. BAP 2014).

We review dismissal without leave to amend for abuse of discretion. *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010). A bankruptcy court abuses its discretion if it applies the wrong legal standard, misapplies the correct legal standard, or makes factual findings that are illogical, implausible, or without support in inferences that may be drawn from the facts in the record. *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc).

**DISCUSSION**

**A.  Standard applicable to Civil Rule 12(b)(1) dismissal**

Civil Rule 12(b)(1) provides for motions to dismiss for lack of subject-matter jurisdiction. "[S]ubject matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (citation omitted). "[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their subject-matter jurisdiction." *Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). The burden of proof on a Civil Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Hence, Jackson had the burden of establishing that the bankruptcy court had subject-matter jurisdiction.

**B.  The bankruptcy court did not err in dismissing the complaint because it lacked subject-matter jurisdiction.**

The bankruptcy court's jurisdiction, which is granted by statute, is confined to "civil proceedings arising under [the Bankruptcy Code], or arising in or related to" the bankruptcy case. 28 U.S.C. § 1334(b). The terms "arising under" and "arising in" are terms of art which the courts have defined. *Wilshire Courtyard v. Cal. Franchise Tax Bd. (In re Wilshire Courtyard)*, 729 F.3d 1279, 1285 (9th Cir. 2013).

A proceeding "arises under" the Bankruptcy Code if it presents claims for relief created or controlled by the Bankruptcy Code. *Id.* In contrast, claims for relief in a proceeding "arising in" a bankruptcy case are

7

not explicitly created or controlled by the Bankruptcy Code, but such claims nonetheless would have no existence outside of a bankruptcy case. *Id.* "The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 n.6 (1995).

Bankruptcy courts do not have statutory authority to grant writs of habeas corpus. Rather, only the Supreme Court and district courts have such authority. *See* 28 U.S.C. § 2241(a) (identifying courts which can grant writs of habeas corpus).

On appeal, Jackson argues that the bankruptcy court erred in its determination that it lacked subject-matter jurisdiction. We disagree. Jackson's indictment, conviction, and sentence did not "arise under" the Bankruptcy Code because they did not invoke any bankruptcy right; they did not "arise in" the bankruptcy case because they existed outside of Jackson's bankruptcy; and finally, they are not related to his bankruptcy case because they are solely issues of criminal law, not bankruptcy law, and the outcome would have no effect on his bankruptcy estate. *See In re Pegasus Gold Corp.*, 394 F.3d at 1193. Accordingly, the bankruptcy court lacked subject-matter jurisdiction over the complaint.

Furthermore, contrary to Jackson's assertions, the federal remedy for challenging a conviction and confinement is a writ of habeas corpus, not a

bankruptcy proceeding. *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973) (habeas corpus is the exclusive remedy for a prisoner who is challenging the fact or duration of his confinement and seeking immediate or speedier release); *Gruntz v. Cnty. of L.A. (In re Gruntz)*, 202 F.3d 1074, 1088 (9th Cir. 2000) (en banc) ("Any post-conviction federal remedy lies in the writ of habeas corpus."). This rule reflects a "fundamental policy against federal interference with state criminal prosecutions." *Younger v. Harris*, 401 U.S. 37, 46 (1971); *see also Kelly v. Robinson*, 479 U.S. 36, 47 (1986) (referencing the Court's "deep conviction that federal bankruptcy courts should not invalidate the results of state criminal proceedings").

Accordingly, the adjudication of Jackson's criminal matters was not the provenance of a bankruptcy court, and the bankruptcy court properly determined it lacked subject-matter jurisdiction over Jackson's complaint.

## C. The bankruptcy court did not abuse its discretion in dismissing the complaint without leave to amend.

The bankruptcy court's Dismissal Order dismissed Jackson's complaint without leave to amend. The bankruptcy court did not abuse its discretion because Jackson could not plead any set of facts that would cure the complaint's deficiencies. *See Flowers v. First Hawaiian Bank*, 295 F.3d 966 (9th Cir. 2002) ("A pro se litigant must be given leave to amend his or her complaint unless it is obviously clear that the deficiencies in the complaint could not be cured by amendment."). Here, the deficiencies of the complaint could never be cured.

9

## CONCLUSION

Based on our independent review, we conclude that the bankruptcy court did not err in dismissing Jackson's complaint or abuse its discretion in doing so with prejudice. We AFFIRM.